HEARD *v.* NIX.

| 96 | 51 |
| 110 | 315 |
| 96 | 51 |
| 112 | 160 |

There being in the plaintiff's equitable petition no waiver of discovery, and the responsive allegations in the defendant's answer, bearing upon the controlling issue in the case, being such as to thoroughly sustain the defense, and the same not having been rebutted in the manner prescribed by law, the verdict in the plaintiff's favor cannot stand. Moreover, so much of the verdict as found the defendant liable in damages on the theory that title to a part of the land in controversy was vested in a third party, was entirely unsupported even by the plaintiff's evidence.

April 1, 1895. Brought forward from the last term.

Equitable petition. Before Judge GOBER. Forsyth superior court. February term, 1894.

H. L. PATTERSON and G. R. BROWN, for plaintiff in error.   C. D. PHILLIPS and G. L. BELL, *contra.*

SIMMONS, Chief Justice.

It appears from the record, that Nix purchased a tract of land from Hill, giving his promissory notes for the purchase money and taking from Hill a bond for titles to the land, in which Hill bound himself to make to Nix a "good and sufficient warranty title" upon the payment of the notes. Subsequently it was agreed between these parties and Heard, that Heard should pay Hill the amount due by Nix, taking a deed to the land from Hill, that Nix should give his promissory notes for that amount to Heard, and that Heard should give Nix a bond for titles in lieu of the bond which had been given by Hill. This agreement was carried out, except as to the making of a bond for titles from Heard to Nix. After Nix had paid two of the notes to Heard, a controversy arose between Nix and the trustees of a certain church in regard to ten acres of the land. Nix cut a tree on that part of the land, was indicted and tried for trespass, and was convicted and fined. While this matter was pending, Nix went to Heard and offered to take up one of the notes, and demanded from Heard a bond for title similar to the one given by Hill, which, as we have seen, obligated the vendor to make to Nix a warranty title to the land upon the payment of the notes. Heard declined to make a bond obligating him to warrant the title against anybody else than himself; whereupon Nix filed his equitable petition against Hill and Heard, reciting the above stated facts, and alleging that at the time Heard advanced the money to take up the petitioner's notes to Hill, he (Heard) agreed to make and deliver to the petitioner a bond conditioned to make him a warranty deed upon the payment of the notes. The petition further alleged that Hill and Heard sold petitioner the land, knowing that they had no title to the ten acres in question, and intending to defraud him. These two allegations are the ones mainly relied on by the

plaintiff. The petition contained no waiver of discovery from the defendants. Heard answered, denying that he had agreed to make a bond for titles to Nix, obligating himself to make a warranty title. He denied also any knowledge of the church's claim to the ten acres, and alleged that if the church had such a claim Nix must have known it himself.

The rule in equity practice is, that where the plaintiff fails to waive discovery in his bill or petition, the answer of the defendant as to facts within his own knowledge responsive to the allegations in the petition is evidence in favor of the defendant, and can be rebutted only by two witnesses or one witness and corroborating circumstances. (Code, §3105.) It will be seen from the answer of Heard, that he denies absolutely the main allegations in the petition, and the brief of evidence shows that Nix failed to overcome the answer in accordance with the rule above stated. The plaintiff himself is the only witness who swears that Heard agreed to make such a bond for titles as the petition alleges he agreed to make. On the other hand, Heard, Hill and another witness testify that no such agreement was made. This, of itself, would have required a verdict for Heard. The jury, however, not only found and decreed that Heard make and deliver to Nix a bond obligating himself to make a warranty title to the land upon the payment of the purchase money, but that Heard should credit the notes of Nix with $400, the value of the ten acres claimed by the church. This part of the verdict was also unwarranted by the evidence. The evidence shows that Nix knew, when he bought from Hill, that the church claimed some of the land—about three acres; but outside of this claim, no title which could bind Hill, Heard or Nix was shown in the church to any quantity of land. The only evidence relied upon to show title in the church consisted of recitals in two deeds made by Ada

Cunningham and Yancey to the trustees of the church in 1891 and 1892. These deeds recited that the grantors were the sole heirs of McGinnis, and that McGinnis had reserved the ten acres for the benefit of the church in a deed made by him to one Garrett, in 1853. This was no evidence at all against the defendants in this case. While recitals in a deed bind the grantor and grantee and their privies, it is well settled that they are not binding upon strangers to the deed. *Yahoola River etc. Mining Company* v. *Irby*, 40 *Ga.* 479, 481; *First Nat. Bank* v. *Cody*, 93 *Ga.* 127. So far as the record discloses, the church has no title to any part of the land, at least none that Nix could set up against the payment of the purchase money thereof. Heard shows, as between himself and Nix, a good title to the whole tract. They both claim under Hill, and Heard shows a deed from Perkle to Hill dated 1881, and one from Hill to himself, and possession by Hill and his privy Nix for more than seven years. It does not appear that there is any adverse claim of title other than that already referred to. We are at a loss to see how evidence that Nix was indicted for a trespass upon the ten acres, and convicted and fined, could in any way affect the title of Heard. Heard was no party to the prosecution of Nix, and was not bound by any verdict or judgment rendered in that case.          *Judgment reversed.*