## ALFRIEND *et al. v.* FOX *et al.*

1. When a charge correctly sets forth a rule of law, it is not rendered erroneous merely for the reason that the rule is not stated in the exact language of the code.
2. The evidence not being of such a character as to demand a finding in favor of the plaintiff, and there being some evidence to authorize a finding in favor of the defendant, the discretion of the trial judge in refusing to grant a new trial will not be interfered with.

Argued December 1,—Decided December 22, 1905

Complaint for land. Before Judge Holden. Hancock superior court. May 31, 1905.

The land which is the subject-matter of this suit was originally owned by James Hall. He died testate, devising the land to his two children, Sarah Hall and Nancy Watts, wife of William Watts, jointly. William Watts and Sarah Hall were named in the will as coexecutors. It was the contention of the plaintiffs that the land was divided, by agreement or otherwise, between Sarah Hall and Nancy Watts, and the property sued for came into the possession of the latter, and that William Watts reduced the property into his possession (this being prior to 1866), and at his death it passed to his devisees under the terms of his will. By the will of William Watts the portion of his property inherited by Mary Watts, afterwards Mrs. Alfriend, was to be conveyed to a trustee for her separate use during coverture, and at her death was to go to her children. The plaintiffs are the only sons and heirs of Mrs. Mary Alfriend. It was denied by the defendants that there had been a division of the estate of James Hall by his two heirs, Sarah Hall and Nancy Watts. The property, they claimed, was partitioned, after the death of William Watts, and the land sued for was set apart to Sarah Hall. She died intestate, and Nancy Watts was appointed her administratrix. The land was sold under proper order of court, and Nancy Watts, presumably by purchase, went into possession of it. It was the contention of the defendants that the land so owned by Nancy Watts was never reduced to possession by William Watts, and that their daughter Mary Watts, afterwards Mrs. Alfriend, mother of petitioners, inherited the property as the heir at law of Mrs. Watts. Mrs. Alfriend deeded the property to the vendors of the defendants. Mrs. Alfriend died in 1881. Her four sons, and only heirs, brought suit for the property and mesne profits against the present occupants, the vendees of the purchasers from Mrs. Alfriend, the plaintiffs claiming that under the will of William Watts, whereunder Mrs. Alfriend came into possession of the land, she had only a life-estate in the land, the remainder being in the plaintiffs. After a trial the jury found a verdict for the defendants. The plaintiffs moved for a new trial upon the general grounds, and excepted to certain portions of the charge of the court. The motion was overruled, and the plaintiffs excepted.

*R. L. Merritt, T. M. Hunt,* and *Seaborn Reese,* for plaintiffs.
*William H. Burwell* and *Samuel H. Sibley,* for defendants.

COBB, P. J. (After making the foregoing statement.)  1. The motion for a new trial contains three special grounds. One complains that the verdict is contrary to a specified portion of the charge. This need not be considered. It raises no other question than those raised by the general grounds of the motion. Another ground complained that the court failed to charge, that, there being no debts shown after ten years have elapsed, the law presumes the assent of the executor to the legacy. We know of no law which declares that in the absence of proof of debts the presumption of the assent of the executor to a legacy arises after ten years. Counsel for the plaintiffs cited no authority to sustain this contention. In addition to this, if such is the law it should have been made the subject of a timely appropriate written request. In the other ground complaint is made of a specified portion of the charge. The charge correctly sets forth the rule of law in reference to an executor's assent to a legacy. The assignment of error was that the charge was not in the exact language of the code. Of course this assignment is without merit. If the charge sets forth the rule of law, it is immaterial what language is used by the judge, so long as it is of such a character that it is intelligible to the jury.

2. Counsel for the plaintiffs candidly state in their brief that their case depends upon two facts being established: (1) that there was a division of the land of the estate of James Hall between his two heirs, Sarah Hall and Nancy Watts; and (2) that during the lifetime of William Watts, the husband of Nancy Watts, he reduced to his possession the land received by his wife under this division. It is claimed by the plaintiffs that the evidence demands a finding in their favor on both of these questions. There is evidence authorizing a finding in favor of the plaintiffs on both of these questions; but the jury having found to the contrary, and the court having approved the finding of the jury, the judgment refusing a new trial must be affirmed unless the evidence demanded a finding in favor of the plaintiffs on both of these questions. That is the question to be determined by this court, whether there is any evidence which would authorize a jury to find that there was no division, or, if there was a division, that William Watts did not during his lifetime reduce to possession that portion of the land which his wife received

under the division. William Watts and Sarah Hall were coexecutors of the will of James Hall. All of his land was devised to Sarah Hall and Nancy Watts jointly. There was no provision in the will which defeated the marital rights of William Watts. After the death of James Hall, Sarah Hall took possession of a portion of the land, and she continued in possession of this portion until her death, which occurred in 1869, working the same with her own slaves during the existence of slavery, and with hands employed by her thereafter, and, so far as the record discloses, appropriating to her own use the crops made thereon. The other portion of the land, which is the land now in dispute, was worked by William Watts with his own slaves up to the time of his death which occurred in 1852, James Hall having died in 1840. Neither William Watts nor Sarah Hall, the coexecutors of the estate of James Hall, was ever discharged from the trust. The records of the court of ordinary showing an account of the sale of the perishable property of the estate of James Hall and a tract of land in Lee county, and one return setting forth the receipts and disbursements, were introduced in evidence. There is nothing in the record of the court of ordinary disclosing either a division of the lands in Hancock county, where the land in dispute is situated, or a sale of the same by the executors. The evidence relied upon to establish a division of the land between Sarah Hall and Nancy Watts, as legatees under the will of James Hall, is that Sarah Hall was in possession of one part of it, and William Watts in possession of another part of it. Each of these parties had a right to possession in the capacity of legal representative of the estate of James Hall. They could jointly possess the land as executors, or one could take possession of a part as executor, and the other of another part. The mere fact of possession would not be conclusive of the right in which the possession was held. The presumption would be, until the contrary appeared, that they were in possession in their representative capacity, and the burden is upon the plaintiffs in the present case to show that the possession was not in such a capacity, which would be legal and regular in the absence of proof of a division of the estate between the legatees. The evidence as to a division of the land between the legatees depends upon the testimony of aged negroes who were the slaves of William Watts. While a reading of the testimony of these negroes impresses one with the fact that they are endeavoring to tell the

truth as they recall it, the testimony at best simply establishes the fact that the crops raised upon one part of the land were appropriated by Sarah Hall, and the crops raised upon another part were appropriated by William Watts.　This would probably be sufficient to show that William Watts had reduced the crops to possession, and to that extent had taken advantage of his marital rights; but as it was possible for him to be in possession of the land as executor, and assert his right to reduce the property of his wife to possession simply as to the crops, the burden is upon the plaintiffs to show by satisfactory evidence that the land was actually divided between the legatees, and that the possession was in his own right, and not in his right as executor of the will of James Hall. The evidence might possibly be sufficient to authorize a finding that there was a division between Sarah Hall and Nancy Watts as legatees under the will of James Hall, and that the executor assented to this division, and took possession of the land in dispute by virtue of his marital rights; but the evidence is not of such a character as to authorize us to say that the jury was constrained to find that this was the fact.　It is more than possible, it is even probable, that there was an agreement between the two executors that each should hold a portion of the land in their representative capacity, and that each should not be accountable to the other for the crops raised upon the land. The burden being upon the plaintiffs to show the fact of a division, and the evidence upon this point being altogether unsatisfactory, and the jury having found that there was no division, and this finding having been approved by the trial court, we do not feel authorized to control his discretion in overruling the motion for a new trial.

*Judgment affirmed.　All the Justices concur.*