## WOOD *et al. v.* BOWDEN.

330

*Randall Evans Jr.,* for plaintiffs.

*J. Richard Bowden,* for defendant.

Bell, Justice.   This was a suit to recover alleged undivided interests in 200 acres of land situated in Warren County.   It was brought by Mrs. C. H. Wood and eleven others who alleged that they and three additional persons, who were not parties, were devisees under the will of Mrs. Sallie E. McGahee, who died in the year 1923, which gave to each of them a one-fifteenth undivided remainder interest in the property.   The will, duly probated on March 5, 1923, contained the following: "Item 1.   I wish my executor, as soon as possible after my death, to pay all my debts. If a sale of property shall be necessary, I wish him to select for sale that which can be most advantageously used for that purpose; and I authorize him to sell the same at public or private sale, as he may see fit.   Item 2.   I give to my beloved husband, T. J. McGahee, the following property, to wit:   all of my real and personal property now being in Warren County in said State, during his natural life, and at his death the real estate to go back to my people."   In item 4 T. J. McGahee was named as the executor.   He promptly qualified as such, and received letters testamentary from the ordinary.   The petitioners alleged they were twelve of the fifteen persons who constituted the "people" of the testatrix, to whom the land should "go" on the death of T. J. McGahee, the life-tenant.   The defendant, Paul A. Bowden, was a remote grantee claiming under deeds made by the executor in pursuance of two sales purporting to have been made for the purpose of paying debts of the testatrix.   Upon the trial the court directed a verdict in favor of the defendant.   A motion for new trial was overruled, and the plaintiffs excepted.   The facts stated above appeared without dispute from the pleadings and the evidence.   The other material evidence was as follows:

On May 7, 1923, the executor obtained from the ordinary an

order to sell 100 acres of the land for the purpose of paying the debts of the testatrix, and in pursuance of this order and after due advertisement he sold the 100 acres on November 6, 1923, to M. L. Felts, the highest and best bidder, for the recited consideration of $300. Felts conveyed the property to J. T. McGahee individually on December 14, 1923, the deed reciting a consideration of $350. On May 5, 1925, T. J. McGahee as executor advertised and sold the remaining 100 acres. This sale was made in virtue of claimed authority under the will and without any order of the court of ordinary. In the deed of conveyance W. Eugene English was named as grantee, and the consideration was stated as $400. W. Eugene English conveyed the property to T. J. McGahee as an individual, by a deed dated November 18, 1927, and reciting a consideration of $200. After thus obtaining deeds to the entire tract, T. J. McGahee, on November 18, 1927, conveyed it to Mrs. Annie V. Cason to secure a loan of $600, the deed containing a power of sale. Mrs. Cason sold the property under this power of sale on December 5, 1933, to satisfy the principal and an accumulation of interest. Paul A. Bowden, the defendant, was the only bidder at this sale, and purchased the property for $400. There was some agreement between him and Mrs. Cason that he would appear at the sale and protect her interest to the amount of $500, and in view of this agreement he later paid to her $100 above the amount of his bid. Mrs. Cason, as attorney in fact for T. J. McGahee, then executed to Bowden a deed conveying the property in question. All the previous deeds referred to were duly recorded before the sale by Mrs. Cason to Bowden. T. J. McGahee remained in possession of the land continuously from the death of his wife until after the sale by Mrs. Cason to Bowden under the power of sale contained in the security deed. Soon thereafter he surrendered possession to Bowden. There was some evidence that the land was worth as much as $10 per acre at the time it was sold by the executor, but there was other evidence that it was not worth more than one or two dollars per acre. It seems that Felts, the grantee in the first deed made by the executor, was at that time representing the executor as attorney, but there was no other evidence which tended to show that the sale was not a bona fide transaction or that the consideration was not paid. Touching the other sale by the executor, W. Eugene English, the grantee, testified that he had no

recollection either of purchasing the property or of having later conveyed it to T. J. McGahee as an individual, but that if he had sold it to McGahee at a loss, as indicated by the deeds, he believed that he would have remembered it. He further testified that the deed which appeared to have been executed by him to McGahee bore his genuine signature.

The plaintiffs contended that it was unnecessary to sell the land for the purpose of paying the debts of the testatrix, because, if she left any debts, they amounted to a very small sum and could have been paid from personalty; that the sales by the executor were in pursuance of a mere scheme to divest the remainder interest of the plaintiffs, and to enable T. J. McGahee to acquire the fee-simple title instead of the life-estate bequeathed to him by the will; and that Felts and English did not buy the land for themselves, but represented McGahee, thus aiding him to purchase the land at sales by himself as executor. If the evidence was sufficient to sustain any of these contentions, there was no evidence of actual knowledge thereof on the part of Bowden, the defendant; and if he is to be charged with such knowledge, the implication arises only from the dates and recited considerations appearing in the deeds and in the deed records, and from an alleged duty on his part to inquire into the condition of the estate to determine whether it was necessary to sell the land to pay debts of the testatrix. The plaintiffs offered evidence for the purpose of showing that such necessity did not exist, but the court excluded the evidence on the ground that it did not appear that Bowden had any notice of this fact; and the rejection of this evidence is complained of in one of the grounds of the motion for a new trial. The only other special assignment of error was on the direction of the verdict, on the ground that there were issues of fact which should have been submitted to the jury. The court did not err in directing the verdict. There was no evidence either that the defendant had any knowledge of the facts touching the alleged invalidity of the executor's deeds, or that there was any fact of record or otherwise which should have put him on inquiry or as to which it was his duty to make affirmative investigation. The applicable principles of law are stated in the headnotes, which do not require elaboration.

*Judgment affirmed. All the Justices concur.*