ANDERSON *et al. v.* BARRON.

No. 17734.   Argued January 16, 1952—Decided March 10, 1952.

790

*Jno. R. L. Smith,* for plaintiffs.

*J. W. Barnett,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ The plaintiffs offered, and the court allowed in evidence, a

deed dated April 10, 1946, from W. W. Barron Jr. to them, except those recitals in the deed which are quoted in our statement of the facts. It is alleged in ground 4 of the amendment to the motion for new trial that the judge erred in excluding the recitals. Special ground 5 alleges that the judge also erred in charging the jury as follows: "Now, gentlemen, there was introduced in evidence on the trial of this case a deed from W. W. Barron Jr. to Guy L. Anderson and J. Pierce Anderson. This deed was admitted in evidence with the proviso that certain provisions appearing in the deed were stricken by the court and should not be considered by the jury. The provisions of the deed which have been stricken by the court have been indicated by marks of parentheses and I will ask counsel to show these provisions to you, and the court charges you and cautions you that you are not to consider these provisions at all in reaching your verdict in this case, but they must be totally disregarded by you." The plaintiffs in error contend that the exclusion of the recitals and the charge relating to them were erroneous and harmful because the clause was a description of an inchoate right made perfect by tender; there is no provision of law for excluding a part of a deed to which there was no demurrer, but which, as a part of an exhibit to a deed, was upheld as against a motion to dismiss; it was unnecessary for the protection of the defendant to exclude the language; and the charge complained of was rendered especially harmful in view of the further charge "that it was incumbent upon the plaintiffs to make a certain and unconditional tender to the defendant of the principal of $469.50 with interest from February 17, 1945," excluding thereby from the jury's consideration any tender which W. W. Barron Jr. may have made. This position is clearly untenable. A conversation between the parties to this deed would be, as to any third person, simply hearsay; and the fact that their declarations were reduced to writing and incorporated in their deed as recitals does not in the slightest degree change the rule making such declarations inadmissible in evidence against other persons. *Howard v. Snelling*, 32 *Ga.* 195; *Yahoola River &c. Mining Co. v. Irby*, 40 *Ga.* 479; *Cruger v. Tucker*, 69 *Ga.* 557, 562; *Heard v. Nix*, 96 *Ga.* 51 (23 S. E. 122); *Dixon, Mitchell & Co. v. Monroe*, 112 *Ga.* 158 (3) (37 S. E. 180); *Tift v. Golden Hardware Co.*,

204 *Ga.* 654 (51 S. E. 2d, 435). "Recitals in a private deed only bind parties and privies, and are not evidence against one not claiming under the deed." *Hanks* v. *Phillips,* 39 *Ga.* 550. "The recitals in a deed made in pursuance of an order of court, or by virtue of legal process, are sometimes, for certain purposes, evidence of their truth, but parties cannot, in a voluntary contract between themselves, make their 'recitals' evidence against anybody else as to prior existing rights." *First National Bank* v. *Cody,* 93 *Ga.* 127, 144 (19 S. E. 831). The recitals in W. W. Barron Jr.'s deed to the plaintiffs were inadmissible as evidence against J. J. Barron, and they were, therefore, properly excluded and the charge respecting them was entirely proper. Accordingly, there is no merit in grounds 4 and 5 of the amended motion.

■ The judge instructed the jury: "I charge you in this case that it was incumbent upon the plaintiffs to make a certain and unconditional tender to the defendant of the principal sum of $469.50, with interest from February 17, 1945, and that such tender must have been made within two years from February 17, 1945." Also: "Now, gentlemen, I charge you that if the jury should find that after the delivery of the deed to J. J. Barron by W. W. Barron Jr., that W. W. Barron Jr. did not agree that in consideration of further payments to him by the defendant, J. J. Barron, if you find that such payments were in fact made as alleged, that the provision for redemption in the deed dated February 17, 1945, would not be insisted upon and that J. J. Barron should have full title to the land, as he contends, and if the jury should also find that the plaintiffs made a certain and unconditional tender to the defendant of $469.50 principal, with interest thereon from February 17, 1945, to the date of tender, and within two years from February 17, 1945, then and in that event your verdict should be in favor of the plaintiffs." The movants, in special grounds 6 and 8 of their motion, allege that the quoted excerpts from the charge were erroneous and harmful to them because they excluded from the jury's consideration any tender which may have been made by W. W. Barron Jr. We think that this criticism of the charge is well taken. The judge nowhere instructed the jury that the plaintiffs would be entitled to have the redemption contract specifically performed if W. W. Barron Jr. had himself, prior to his sale, tendered to J. J. Barron

the necessary redemption money. A tender properly made is the equivalent of performance. Code, § 20-1105. And where payment is refused when legally tendered, such tender satisfies the statutory requirement of payment. *Forrester* v. *Lowe,* 192 *Ga.* 469 (15 S. E. 2d, 719). In the circumstances of this case, and so far as it relates to tender, the plaintiffs were entitled to the relief sought, if they, after their purchase, or W. W. Barron Jr., prior to his sale, made a tender of the redemption money to J. J. Barron; and, concerning this, the evidence shows without any question that W. W. Barron Jr. made a such a tender. The excerpts from the charge, here complained of, were inaccurate and harmful pronouncements of the law and, therefore, erroneous.

■ Grounds 7 and 10 of the motion will be considered together, as each presents substantially the same question. In ground 7 exception is taken to the following charge: "I charge you that possession of land is notice of whatever right or title the occupant has." And in ground 10 exception is taken to the following charge: "Now, gentlemen, I charge you that, if you find that the defendant, J. J. Barron, has shown that subsequently to the delivery of the deed to him by W. W. Barron Jr., that W. W. Barron Jr. in consideration of further payments to him from the defendant, J. J. Barron, agreed that the provision for redemption in the deed dated the 17th day of February, 1945, would not be insisted upon and that J. J. Barron should have complete and full title to the land and that the consideration alleged to have been paid by J. J. Barron as set forth in his amended answer was paid by J. J. Barron to W. W. Barron Jr., as alleged, and you further find that the agreement was entered into and completed prior to the time the plaintiffs contend that they acquired title to the land by deed from W. W. Barron Jr. and an assignment of his right to redeem the land and you find that, at the time of the alleged purchase by plaintiffs, J. J. Barron was in actual possession of the land, then and in that event your verdict should be in favor of the defendant, J. J. Barron." Among other assignments of error on these two excerpts from the charge, is one that they were not adjusted to the evidence since there was no testimony showing that J. J. Barron, at the time plaintiffs purchased the land in question from W. W. Barron Jr., had actual, open, visible, exclusive, and unambiguous possession of

it; and, hence, the charges complained of were misleading, confusing, prejudicial and harmful. As to this, it has been so long and so repeatedly held by this court that a charge abstractly correct, but not warranted by the evidence, is erroneous, that we deem it unnecessary to cite any of the great number of cases to this effect. The Code, § 85-408, expressly declares that possession of land is notice of whatever right the occupant has; but the possession of land which will be notice of the occupant's right or title must be actual, open, visible, exclusive, and unambiguous at the time of its purchase by another, and the protection which the registration law gives to one taking title to lands upon the faith of the record title requires that proof of such possession be clear and satisfactory. *McDonald* v. *Dabney,* 161 *Ga.* 711 (8) (132 S. E. 547); *McDonald* v. *Taylor,* 200 *Ga.* 445, 451 (37 S. E. 2d, 336); *Toms* v. *Knighton,* 199 *Ga.* 858 (36 S. E. 2d, 315). And possession which gives notice of the occupant's title is not prior possession, but possession at the time another obtains his deed. *Webster* v. *Black,* 142 *Ga.* 806 (3) (83 S. E. 941); *Wood* v. *Bowden,* 182 *Ga.* 329 (6) (185 S. E. 516). The evidence shows without any dispute that there was no dwelling or outhouse of any kind on the land in question; that no part of it was in cultivation; and that it was an isolated and unfenced tract of woodland containing 202½ acres. As to J. J. Barron's possession of it, at the time of the plaintiffs' purchase, the record shows no more than the payment of tax, posting signs thereon forbidding trespass, the occasional cutting and removal of timber, keeping fires off, permitting pine trees to grow, and infrequent visits to it by him. And such acts do not amount to and constitute actual, open, visible, exclusive, and unambiguous possession of land. *McCook* v. *Crawford,* 114 *Ga.* 337 (2) (40 S. E. 225); *Gordon* v. *Ransom & Lomax Lumber Co.,* 147 *Ga.* 55 (1) (92 S. E. 892); *Dix* v. *Wilkinson,* 149 *Ga.* 103 (2) (99 S. E. 437); *Fitzpatrick* v. *Massee-Felton Lumber Co.,* 188 *Ga.* 80 (7) (3 S. E. 2d, 91); *Robertson* v. *Abernathy,* 192 *Ga.* 694 (1) (16 S. E. 2d, 584); *Shahan* v. *Watkins,* 194 *Ga.* 164 (3) (21 S. E. 2d, 58). The charges complained of in these grounds of the motion were, therefore, not warranted by the evidence; and, since it is not apparent from the record that the jury could not have been misled and confused by them, they are cause for a new trial.

*Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507) ; *Gaskins* v. *Gaskins,* 145 *Ga.* 806 (89 S. E. 1080).

■ Grounds 11 and 12 of the motion raise substantially the same question. They complain of the court's failure to charge the jury that, if they should find from the evidence that there was an executed contract between W. W. Barron Jr. and J. J. Barron, canceling and rescinding the redemption agreement in the deed of the former to the latter, the plaintiffs' rights would be unaffected thereby unless they had notice of such contract at the time of their purchase from W. W. Barron Jr. This exception to the charge is well taken. The omission complained of is a correct principle of law. Code, § 37-111; *Beecher* v. *Carter,* 189 *Ga.* 234 (5 S. E. 2d, 648). It was applicable to the case, and warranted both by the pleadings and the evidence. This being so, it should have been given, even in the absence of a request. *Central Railroad* v. *Harris,* 76 *Ga.* 501 (1b) ; *Phenix Ins. Co.* v. *Hart,* 112 *Ga.* 765 (38 S. E. 67).

■ By the rulings made in the preceding divisions, special ground 9 of the motion for new trial is rendered unimportant and need not be specially dealt with; and, since the case must be tried again and the evidence upon another trial may be different, no ruling is made on the general grounds of the motion.

For reasons stated in divisions 2, 3 and 4 hereof, the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur.*