36624.   NASH *v.* WILLIAMSON *et al.*

Decided April 24, 1957.

*John A. Frazier, Jr.*, for plaintiff in error.

*Archibald A. Farrar*, contra.

FELTON, C. J. The court did not err in sustaining the general demurrer and in dismissing the action.

Before title passes to a devisee and before a devisee is entitled to possession of the property devised, there must be assent of the executor. Code § 113-801. This section applies with equal force to an administrator cum testamento annexo. *Whatley* v. *Musselwhite*, 189 *Ga.* 91, 101 (5 S. E. 2d 227). It does not appear from the petition that the debts of the estate had been paid or that the administrator cum testamento annexo assented to the legacy. In the instant case, there is no presumption that due to the lack of showing that there were any debts of the estate and that due to passage of time, assent of the administrator arose. *Alfriend* v. *Fox*, 124 *Ga.* 563, 565 (1) (52 S. E. 925). Further, there is nothing in the petition which shows that the administrator wrongfully refuses to assent. *Palmer* v. *Neely*, 162 *Ga.* 767, 768 (5) (135 S. E. 90).

Until there has been an assent of the administrator cum testamento annexo to the legacies, either express or implied, the plaintiff could not seek a partitioning and any cause of action for ac-

counting against James Williamson (who, from the petition, does not appear to be a colegatee or coheir of the plaintiff) would lie in the administrator cum testamento annexo. Further, an accounting for the rents and profits can not be had from the proceeds of the sale as was sought by the plaintiff. An accounting for such must be had against James Williamson individually. Since the petition did not state a cause of action either for partitioning or for an accounting, the court did not err in sustaining the general demurrer thereto and in dismissing the action.

The motion to dismiss the writ of error is without merit and is denied.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*