20848. BREWTON *et al. v.* McLEOD, Executor.

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960—
REHEARING DENIED MAY 18, 1960.

*Robert R. Forrester, Seymour S. Owens,* for plaintiffs in error.
*Hugh Wright, Briggs Carson, Jr.,* contra.

QUILLIAN, Justice. ■ The overruling of the demurrers to the petition as amended adjudicated that the petition set out a cause of action for some of the relief sought. That judgment, not having been excepted to, became the law of this case. It is therefore unnecessary for us to pass upon many of the legal questions presented and discussed in the briefs of the parties in this court, since those questions have already been decided, for the purpose of this case, adversely to the contentions of the defendants in error. The only question remaining for decision is whether the plaintiffs (plaintiffs in error here), have proved a case such as to entitle them to any of the relief sought.

A careful review of the evidence in the record discloses that the plaintiffs failed to prove the allegations of their petition. While the petition alleged that, "upon an accounting, as hereinbefore sought by your petitioner, there will be sufficient sums in the hands of said executor to pay all of the debts due by the testator," and that the executor had been requested to assent to the devise, but had wrongfully refused—on the trial of the case the plaintiffs failed to show by any evidence that the executor had funds in his hands sufficient to pay the debts of the estate without selling the property here involved. Nor is there any evidence in the record that the executor has assented to the devise or has been requested to assent to the devise and has wrongfully refused to do so. "All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." Code § 113-801. See also *Wood* v. *Bowden,* 182 *Ga.* 329 (185 S. E. 516); *Palmer* v. *Neely,* 162 *Ga.* 767, 768 (135 S. E. 90); *Lester* v. *Stephens,* 113 *Ga.* 495 (3) 499 (39 S. E. 109); *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227).

"It not appearing from the petition that the debts of the estate have been paid or that the administrator cum testamento annexo has either expressly or impliedly assented to the devise, the court did not err in sustaining a general demurrer to the petition wherein the plaintiff, one of the legatees under the will, sought a partitioning and accounting, and in dismissing the action." *Nash* v. *Williamson,* 95 *Ga. App.* 616 (98 S. E. 2d 239). See also *Walker* v. *Horton,* 184 *Ga.* 429 (191 S. E. 462).

Therefore, since it does not appear from the evidence that all the debts of the estate have been paid or that there are funds in the hands of the executor sufficient to pay the debts of the estate without selling this property, or that the executor has assented to the devise or has been requested to assent and wrongfully refused, the plaintiffs failed to prove their right to any of the relief sought. Accordingly, the judgment finding in favor of the defendants was not error for any reason assigned.

■ It is not necessary to pass upon the judgment sustaining demurrers to the fourth amendment to the petition, or the ruling excluding certain evidence, because under the ruling in division

one above, the plaintiff would not be entitled to recover any property from the estate or have an accounting with reference to it until it has been shown that the debts of the estate have been paid or that the executor has assented to the devise or wrongfully refused to do so.

*Judgment affirmed. All the Justices concur.*