23458. EUBANKS et al. v. DARNELL et al.

COOK, Justice. 1. Item 10 of the will of the testator authorized the executor to sell the property involved in the present litigation, if a division could not be made satisfactory to all of the heirs. The petition does not allege that the property was capable of being divided in kind and that all of the heirs desired such a division.

2. The will authorized the executor to "sell such real estate at either public or private sale, without an order from court," and the petition alleges no fact to show that the grantee in the deed was not an innocent purchaser. Compare *Wood v. Bowden,* 182 Ga. 329 (185 SE 516).

3. The petition alleges no fraud on the part of the executor in making the sale, and alleges nothing but conclusions to show that the sale was not to the best interest of the devisees.

4. If the petition had not been otherwise fatally defective, it could not be maintained, since it fails to allege a tender to the grantee of the purchase price of the property prior to the filing of the action. *Wheeler v. Pioneer Investments, Inc.,* 217 Ga. 367 (122 SE2d 518).

5. The trial judge did not err in sustaining the general demurrers.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1966—DECIDED MAY 26, 1966.

*W. Hays Pickett, Sidney T. Schell,* for appellants.
*Thomas A. Roach,* for appellees.

John M. Eubanks and others, representing seven of the fourteen heirs of J. M. Eubanks, Sr., deceased, brought this action

in Pickens Superior Court against Dr. D. T. Darnell, individually, and Paul Eubanks, executor of the estate of the deceased, to cancel and set aside a deed from Paul E. Eubanks, executor of the estate of J. M. Eubanks, Sr., to Dr. D. T. Darnell, and to enjoin Dr. Darnell from disposing of or encumbering the property described in the deed. The defendants filed their answers and demurred general and specially. To the petition as amended the defendants renewed their general demurrers. The appeal is from the judgment sustaining the general demurrers and dismissing the petition as amended.

J. M. Eubanks died testate in Pickens County. His will provided in Item 10 as follows: "I desire and direct that the real estate included in what is now my home place be kept intact by my heirs, if they are able to make such division of the same as is satisfactory to all of the heirs. If it is not possible to make such satisfactory division of this real estate, then my executors, hereinafter named, are directed to sell such real estate at either public or private sale, without an order from court, so as to realize the greatest amount for the benefit of my heirs, and make distribution of the proceeds of such sale in accordance with the provisions of Item Nine of this will."

Paul Eubanks, one of the heirs, qualified as executor. On August 10, 1965, he sold the real estate referred to in Item 10 to Dr. Darnell for the sum of $30,000, and thereafter issued checks to each of the fourteen heirs in the amount of $2,055.78, as representing the pro rata share of each from the proceeds of the sale.

The petition as amended alleges that the sale was illegal in that the executor did not have legal authority to sell the property under Item 10 without first making an effort "to make such division of the same as is satisfactory to all of the heirs"; that a private sale of the property violated Item 10 of the will; and that the executor "could have realized more money for the property by making it known that said property was for sale."