## 59384. DUNAGAN v. ELDER.

SOGNIER, Judge.

In this action for partition of ten acres of land in Barrow County brought by appellee Linda Elder, the evidence established the following facts. Appellant Ralph Dunagan married Mrs. Elder's mother in 1953 and in 1954 the Dunagans bought a home and 2.5 acres in Barrow County. Mrs. Dunagan contributed $2,000 toward the purchase and placed separate property of hers as collateral for the loan. In 1969 Mr. and Mrs. Dunagan purchased a new home and 54.4 acres in Barrow County as tenants in common, using proceeds of the sale of the first acquired property as down payment. At the time the loan deeds totalling $47,000 were executed, Dunagan's annual gross income was $6,740 and Mrs. Dunagan's annual gross income was $4,000. In subsequent years their income was comparable and various tracts were sold from the property to retire the debt until only ten acres remained. Mrs. Dunagan died testate in 1976, naming Mrs. Elder as executrix and devising to her all of Mrs. Dunagan's interest in real property and personalty. Dunagan assented to probate of the will in solemn form, Mrs. Elder qualified as executrix and the probate court admitted the will to record in solemn form. Mrs. Elder as executrix assented to the devise of the property to herself individually and this suit was so brought. Dunagan remarried and moved on the property, refusing to allow Mrs. Elder access

thereto. Mrs. Elder filed this suit for partition of the property, and a jury verdict and judgment was rendered in her favor. Dunagan appeals and we affirm.

1. Dunagan asserts that he was entitled to a directed verdict because Mrs. Elder failed to recite the estate's debts and their payment. *Nash v. Williamson,* 95 Ga. App. 616 (98 SE2d 239) (1957), relied upon by appellant, does not sustain his position. That case involved a petition for partition brought prior to the assent of the personal representative of the estate as required by Code § 113-801, and held that "there is no presumption that due to the lack of showing that there were any debts of the estate . . . assent of the administrator arose. [Cit.]" *Nash,* supra, at p. 619. Rather, the rule is that "the fact that there may have been debts did not prevent the executor from assenting to the legacy; and if assent is once given, it is generally irrevocable. [Cits.]" *Lewis v. Patterson,* 191 Ga. 348, 352 (12 SE2d 593) (1940).

2. Notwithstanding Dunagan's testimony that he alone made all loan payments on the subject property, the evidence was ample to support the verdict. Before the purchase money was obtained by borrowing funds, both Mr. and Mrs. Dunagan were required to sign the note; Mrs. Dunagan paid $2,000 of her own money on the first property, which was used to acquire the second property; and parcels of the second were sold to pay that debt. " 'The interest of a witness in the result of the suit may always be considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness.' [Cit.]" *Caldwell v. Caldwell,* 59 Ga. App. 637 (2) (1 SE2d 764) (1939); see also *Lewis v. Patterson,* 191 Ga. 348, 355 (4), supra. Since Dunagan neither established that he made all the payments nor showed that he and the testatrix intended that a trust be impressed upon the property for his benefit, no implied trust resulted. *Hall v. Higgison,* 222 Ga. 373 (2) (149 SE2d 808) (1966).

3. Lastly, Dunagan enumerates as error the trial court's admission in evidence of his answers to interrogatories and thereafter allowing them to go out with the jury, complaining that this violated Code § 38-2101 (d). The answer consisted of documents stipulated to by Dunagan's attorney as copies of Mr. and Mrs. Dunagan's joint income tax returns for the years 1973 to 1976. "The rule [that interrogatories and depositions should not be taken into the jury room] does not apply to documents which, being under the best-evidence rule, are introduced as documents and not orally." *Whitehead v. Seymour,* 120 Ga. App. 25, 27 (2) (169 SE2d 369) (1969). Counsel for Dunagan did not object to the admission of these

documents and having been admitted in evidence, it was not error to send them out with the jury.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 6, 1980 — DECIDED MAY 13, 1980 — REHEARING DENIED MAY 27, 1980 —

*W. LaRue Boyce, Jr.,* for appellant.
*Nathaniel David Wages,* for appellee.