## A98A0327. BALLARD v. THE STATE.
### (501 SE2d 889)

Judge Harold R. Banke.

Cecil D. Ballard was convicted of aggravated assault. He enumerates three errors on appeal.

This case arose as Ballard, his co-defendant, Jamie Webb, and Ballard's underaged brother Willie were drinking at Ballard's home. Willie became agitated after his girl friend called to say the victim had invited her to a party. After Webb gave Willie the victim's telephone number, Willie told the victim to meet him to fight. When the victim failed to appear, Webb, Ballard, and Willie went to the victim's home.

After confirming the victim's identity, Willie pushed inside and attacked him. Ballard ran in, told Willie to get down, and shot the victim. The three men then ran to some woods, where Ballard tossed the gun.

A police officer was waiting for Webb when he returned home. Webb confessed, pleaded guilty, and agreed to testify against Ballard. The victim also testified that Ballard shot him. *Held*:

1. The record negates Ballard's contention that his conviction was based solely on the uncorroborated testimony of an accomplice. The victim testified that Ballard shot him twice. Thus, notwithstanding Ballard's argument to the contrary, because the conviction was not based solely on an accomplice's testimony, OCGA § 24-4-8 does not apply. Thus, Ballard was not entitled to a charge on corroborating evidence.

Ballard's claim that the victim "admitted by his silence" on cross-examination that Ballard did not shoot him is undermined by trial counsel's failure to ask the court to instruct the victim to answer or to strike his testimony on direct. See *Hines v. State*, 221 Ga. App. 193, 194-195 (470 SE2d 787) (1996). Moreover, the record shows that the victim testified several times on cross-examination that Ballard was the perpetrator.

2. Ballard maintains that the trial court erred in instructing the jury that Arlene Vetter's testimony could be considered only for impeachment purposes. The record shows that the State challenged the evidence at issue as hearsay and, in response, Ballard offered the evidence for impeachment purposes. A party cannot acquiesce to or solicit a ruling and then complain of it on appeal. *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997).

3. Ballard maintains the evidence was insufficient to support his conviction because Webb gave contradictory testimony and the victim "confirmed his own perjury," apparently on cross-examination. In effect, Ballard asks us to reweigh the evidence and discount both Webb's and the victim's testimony. This we cannot do. Appellate courts limit their review to evidence sufficiency and do not weigh the evidence or determine witness credibility. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994). The testimony of the victim and Webb that Ballard fired the shots that hit the victim, viewed in the light most favorable to the verdict, was sufficient to allow a rational trier of fact to find all the essential elements of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 1, 1998.

*Sims, Fleming & Spurlin, Robert D. Bryan,* for appellant.
*C. Paul Bowden, District Attorney, Nancy G. Brimberry, Assistant District Attorney,* for appellee.