## S00A1970. DURHAM v. THE STATE.
### (539 SE2d 137)

FLETCHER, Presiding Justice.

A jury convicted Granville Anthony Durham of malice murder and other crimes in the stabbing death of Claude Davis.[1] Durham claims that the trial court improperly admitted his custodial statement into evidence. Because the evidence supports the trial court's finding that the statement was voluntary, we affirm.

1. The evidence presented at trial shows that Durham stabbed Davis three times in the head with a knife after a sexual encounter in the victim's home. Durham dragged him to the bathroom and tried to revive him. After Davis died, Durham placed him in a closet, cleaned up the blood in the house, and made the bed. Durham pawned the victim's stereo equipment and speakers at an Atlanta pawn shop, purchased a used television with Davis' charge card and gave Davis' computer to his children in North Carolina, obtained cash from a ATM machine in Virginia, and was found sleeping in the back seat of the victim's car in New Jersey. Durham testified at trial that he stabbed Davis in panic after waking up and finding Davis trying to have sex with him.

The jury convicted Durham of malice murder, theft by taking, possession of a weapon during the commission of a felony, financial transaction card theft, and concealing the death. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Durham guilty of the crimes charged.[2]

2. Durham claims that the trial court erred in admitting his custodial statement into evidence, failing to require a jury verdict on voluntary manslaughter, and giving an *Allen*[3] charge. The evidence at the *Jackson-Denno*[4] hearing supports the trial court's finding that the defendant was advised of his rights, understood and waived them, and gave his statement voluntarily. The jury was not required to return a verdict on voluntary manslaughter because the jury convicted Durham of malice murder.[5] Finally, the trial court did not abuse its discretion in giving the *Allen* charge to the jury after it had been deliberating for two days, indicated that it had reached a unani-

---

[1] The stabbing occurred on April 12, 1999. Durham was indicted on May 19, 1999, the jury found him guilty on January 28, 2000, and the trial court sentenced him on February 18, 2000. Durham filed a notice of appeal on March 17, 2000. The case was docketed in this Court on August 16, 2000, and submitted for decision without oral arguments on October 9, 2000.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[5] See *McGill v. State*, 263 Ga. 81 (428 SE2d 341) (1993).

mous verdict on five of the eight counts, and requested further instruction from the trial court on the remaining counts.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

*Margot S. Roberts*, for appellant.

*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.