## S04A1247. PEARSON v. THE STATE.

(604 SE2d 180)

CARLEY, Justice.

Stephen Pearson was found guilty of malice murder and an alternative count of felony murder, as well as separate charges of aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Because the verdict as to felony murder was vacated by operation of law (*Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993)), the trial court entered judgments of conviction for malice murder and the remaining offenses. For the murder, the trial court imposed a sentence of life imprisonment and, for each of the other crimes, a consecutive five-year term. Pursuant to the grant of a motion for an out-of-time appeal, Pearson appeals those judgments of convictions and sentences.[1]

1. According to the State's evidence, a verbal altercation began in a restaurant at which Richard Aaron and his brother were patrons. Pearson started the dispute, claiming to take offense at the way in

---

[1] The crimes took place on December 1, 1996. The grand jury indicted Pearson on October 10, 1997. The jury returned the guilty verdicts on January 8, 1998. The trial court entered the judgments of conviction and imposed the sentences on February 2, 1998. Pearson filed a motion for new trial on March 3, 1998, which the trial court denied on June 27, 2001. The trial court granted a motion for an out-of-time appeal on November 14, 2003. Pearson filed a notice of appeal on November 26, 2003, and the case was docketed in this Court on March 31, 2004. The appeal was submitted for decision on May 24, 2004.

which Aaron looked at him. The brothers left, but then returned. Although Aaron attempted to shake hands, Pearson did not reciprocate. Pearson then followed the two brothers into the parking lot. There, Pearson began yelling, and he fired several shots. Aaron was fatally wounded, and Pearson fled. The victim was not armed, but he was carrying a black bag. In his custodial statements, Pearson claimed that he acted in self-defense, believing that Aaron was reaching into the bag to retrieve a weapon. The evidence presented by the prosecution was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Pearson was guilty of malice murder, aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

With regard to the guilty verdict for possession of a firearm by a convicted felon, Pearson contends that the evidence is insufficient, because the State tendered only a non-certified copy of an indictment charging him with a felony violation of the Controlled Substances Act. However, a review of the face of the document shows the entry by Pearson of a guilty plea to the offense, to which plea he and his attorney both affixed their signatures. Although the indictment including the acknowledged guilty plea, as admitted, does not bear any certification, the record indicates that it was originally tendered as part of an exhibit identified as a certified copy of Pearson's felony conviction. Defense counsel acknowledged that the exhibit was a certified copy of her client's conviction, but objected because it contained the sentencing sheet as well as the indictment. Defense counsel stated that the "sentencing sheet is [in]appropriate to go back with the jury. Only the conviction itself [should go out with the jury]." In response to this objection, the trial court admitted the indictment without the sentencing sheet. Apparently, the certification for the exhibit was contained on the sentencing sheet omitted pursuant to Pearson's objection. Under these circumstances, he is precluded from asserting that the documentary proof of his prior conviction was uncertified. A party cannot solicit an evidentiary ruling and then complain of it on appeal. *Ballard v. State*, 232 Ga. App. 397 (2) (501 SE2d 889) (1998). When construed most strongly in support of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find Pearson guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, supra; *Glass v. State*, 181 Ga. App. 448 (1) (352 SE2d 642) (1987). Compare *Brantley v. State*, 272 Ga. 892 (536 SE2d 509) (2000).

2. Relying on *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Pearson urges that his in-custody statements were inadmissible. However, a review of the transcript of the *Jackson-Denno* hearing "supports the trial court's finding that [he] was

advised of his rights, understood and waived them, and gave his statement[s] voluntarily." *Durham v. State*, 273 Ga. 142 (539 SE2d 137) (2000).

3. Pearson enumerates as error the failure to charge on mutual combat. However, the evidence is undisputed that the homicide occurred only because Pearson chose to pursue the Aaron brothers and to escalate the altercation by yelling and then shooting at them. Under the evidence, if he was not guilty of murder, it was solely because the shooting was justified, and not because the homicide was an act of voluntary manslaughter. Compare *Sinkfield v. State*, 266 Ga. 726, 727 (2) (470 SE2d 649) (1996). A trial court does not err by failing to charge on mutual combat where, as here, there is no evidence to support such an instruction. *Hodo v. State*, 272 Ga. 272, 275 (6) (528 SE2d 250) (2000).

Moreover, even assuming that the evidence had authorized a finding that the fight was mutual, as opposed to unilateral, the failure to charge on mutual combat would not constitute reversible error, because the defense did not make a request for such an instruction. *Holcomb v. State*, 268 Ga. 100, 105 (6) (485 SE2d 192) (1997).

4. The black bag and its contents were admitted into evidence without objection. Before the exhibits were delivered to the jury room, however, defense counsel urged that the contents, which included the deceased's notebooks, be withheld from the jurors. According to her, "[w]hether it goes to the jury, I'm saying that it's improper. That it's highly prejudicial. I see things highly prejudicial and irrelevant and [that] would harm my client . . . ." The trial court overruled this objection, and the contents of the bag were sent to the jury room along with the other evidence.

It is important to note that Pearson did not object to admission of the bag's contents, only to allowing those contents to go out with the jury. There is some question whether this objection was timely. "[T]he better practice would be to interpose a timely objection to the initial admission of the written evidence on the specific ground that it should not go out with the jury. [Cit.]" *Brewton v. State*, 174 Ga. App. 109, 111 (2) (329 SE2d 270) (1985). However, even assuming Pearson's objection, which was made after the close of the evidence, was timely, he did not assert any valid grounds for keeping the bag's contents from the jury. " '(T)he underlying "admissibility" of written evidence in a case is a separate and distinct issue from whether that evidence should be allowed to go out with the jury.' [Cit.]" *Brewton v. State*, supra at 110 (2). If the contents of the bag were inadmissible by reason of their prejudice or irrelevance, an objection to their admission into evidence should have been made at the time they were

tendered. No such objection was raised here. Documentary or demonstrative evidence admitted without objection goes out with the jury when it retires for deliberations. *Dunagan v. Elder*, 154 Ga. App. 728, 729-730 (3) (270 SE2d 18) (1980). What should be withheld from the jury is "written testimony," which merely duplicates a witness' oral testimony or substitutes as a written record of his testimony. *Hodson v. Mawson*, 227 Ga. App. 490, 491 (2) (489 SE2d 855) (1997). "The proscription on the jury's possession of 'written testimony' does not extend to documents which are themselves relevant and admissible as original documentary evidence in a case. [Cit.]" *Munda v. State*, 172 Ga. App. 857, 860 (2) (324 SE2d 799) (1984). Because the contents of the bag were admitted as original evidence without objection, the trial court correctly allowed those items to go out with the jury. *Dunagan v. Elder*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Cynthia W. Harrison*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.