## A09A0571. BROWN v. THE STATE.
(679 SE2d 792)

PHIPPS, Judge.

Bobby Gene Brown appeals his conviction for driving under the influence of alcohol, contending that the court erred in admitting into evidence a copy of an implied consent notice card that he asserts contained irrelevant material. Finding that Brown did not preserve this issue for appeal, we affirm.

The evidence showed that Brown was stopped by law enforcement after driving by the site of a traffic accident at a high rate of speed. The officer testified that Brown's eyes were glassy, bloodshot, and watery, and that he had dilated pupils. The officer gave Brown an alco-sensor test, which detected the presence of alcohol. The officer then read Brown an implied consent notice, took him to the county sheriff's department, and administered an Intoxilizer 5000 test, which indicated that Brown's blood-alcohol concentration was 0.09 grams.

The state tendered for admission into evidence a copy of the card from which the arresting officer read Brown the implied consent notice. Brown did not object to the admission of this evidence. By failing to object, Brown did not preserve this issue for appeal.[1] We

---

[17] *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 452 (5) (d) (662 SE2d 141) (2008).
[1] See *Rhodes v. State*, 271 Ga. 481, 482 (2) (521 SE2d 579) (1999) ("The failure to object to the admission of evidence at trial constitutes a waiver of the right to raise the issue on appeal.") (citation omitted).

find no merit in Brown's assertion that he was not required to object because the state had indicated it would not send the entire implied consent notice card out with the jury. The record reveals that comments made about not sending the implied consent notice card out with the jury related to the officer's personal card, which he kept in his possession, and not his copy of the card which was marked as a state exhibit and admitted into evidence without objection. "Documentary or demonstrative evidence admitted without objection goes out with the jury when it retires for deliberations."[2] Brown's claim that he did not realize an exhibit admitted into evidence would be sent out with the jury provides no excuse for his failure to object.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 4, 2009.

*Larkin M. Lee*, for appellant.
*Newton & Howell, Griffin E. Howell III*, for appellee.

---

[2] *Pearson v. State*, 278 Ga. 490, 493 (4) (604 SE2d 180) (2004) (citation omitted).