### 76041. HOLCOMB v. PEACHTREE CITY et al.
### 76042. PEACHTREE CITY v. HOLCOMB.
(370 SE2d 23)

SOGNIER, Judge.

We granted appellant Holcomb's application for discretionary appeal to review the order of the Superior Court of Fayette County granting her petition for writ of certiorari from the Peachtree City Municipal Court and remanding the case for retrial.

Appellant Robin Holcomb was convicted of furnishing alcohol to a minor in violation of Peachtree City Municipal Ordinance § 3-31. Holcomb was found guilty by the Peachtree City Municipal Court and appealed to the Superior Court of Fayette County by writ of certiorari. The superior court found, among other things, that the City had failed to prove an essential element of the offense charged and sustained the writ. However, it did not dismiss the charge for insufficiency of evidence, but remanded the case for another trial to give the City another opportunity to prove its case.

1. Appellant Holcomb contends the trial court erred by returning the case to the lower court for retrial, because such retrial is barred by the constitutional provision against double jeopardy.

Art. I, Sec. I, Par. XVIII, Const. of Georgia, 1983, provides: "No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." In *State v. Burroughs*, 244 Ga. 288, 289-290 (2) (260 SE2d 5) (1979), reversed on other grounds, the court held: "Because conviction of violation of a municipal ordinance subjects a person to stigma and punishment by incarceration or fine, [cit.], a defendant prosecuted in a municipal court proceeding is in 'jeopardy' in the constitutional sense. [Cits.]"

OCGA § 16-1-8 (d) (2) provides, in pertinent part: "A prosecution is not barred within the meaning of this Code section if . . . (2) Subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, . . . *unless* there was a finding that the evidence did not authorize the verdict." (Emphasis supplied.) Under this Code section (formerly Code Ann. § 26-507), "where a person is prosecuted and convicted, a subsequent prosecution is barred if subsequent proceedings (e.g. . . . appeal) resulted in a finding that the evidence did not authorize the verdict. . . . That is to say, unless the evidence at the first trial is sufficient to authorize the verdict of guilty, a second prosecution is barred." *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975). See also *Hall v. State*, 244 Ga. 86, 93

(5) (259 SE2d 41) (1979).

Since the superior court found that the City's evidence failed to establish an essential element of the offense, i.e., was insufficient to authorize the verdict, a retrial for the same offense was barred by the double jeopardy provision of the Georgia Constitution, supra. Because our decision on this issue is dispositive of the appeal, we need not address Holcomb's first enumeration of error relating to entrapment.

### Case No. 76042

2. In the cross-appeal the City alleges the trial court erred by remanding the case to Peachtree City Municipal Court because by raising a defense of entrapment, appellant Holcomb had to admit that she committed the offense charged. "The decision of the superior court on certiorari reversing the judgment of a municipal court convicting one of a violation of municipal ordinance is not subject to review by this court. [Cit.] Only the accused may appeal an adverse judgment in a criminal proceeding. [Cits.]" *City of Winder v. Abner*, 127 Ga. App. 61, 62 (192 SE2d 584) (1972). Accordingly, the City's appeal is dismissed.

*Judgment reversed in Case Number 76041. Appeal dismissed in Case No. 76042. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 26, 1988.

*M. Van Stephens II*, for appellant.
*James H. Webb, Jr., Carlton H. Jones III*, for appellee.