S00G0882. BRANTLEY v. THE STATE.
(536 SE2d 509)

CARLEY, Justice.

A jury found Chauncey Brantley guilty of aggravated assault and possession of a firearm by a convicted felon, and the trial court entered judgments of conviction and sentences on the guilty verdicts. The Court of Appeals affirmed in part, but held that the certified copies of a criminal proceeding, which were admitted without objection to prove that Brantley is a convicted felon, do not clearly show that Brantley pled guilty to any of the prior felony charges. *Brantley v. State*, 242 Ga. App. 85, 86 (1) (b) (528 SE2d 264) (2000). Based upon this holding and the State's claim that the transcript of the plea hearing would prove the guilty plea, the Court of Appeals remanded the case for a hearing on the sole issue of whether Brantley had in fact pled guilty to any of the prior charges. *Brantley v. State*, supra at 86-87 (1) (b). This Court granted certiorari to consider whether the Court of Appeals erroneously remanded after having already determined that the State's evidence was insufficient to prove that Brantley was a convicted felon. Because conviction of a prior felony was a necessary element of the crime of firearm possession as proscribed in OCGA § 16-11-131, we conclude that the insufficiency in the proof of this element demands entry of a judgment of acquittal as to that offense.

" ' "The Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient. . . ." ' [Cit.]" *Priest v. State*, 265 Ga. 399 (1) (456 SE2d 503) (1995). Whether double jeopardy precludes a retrial to establish a prior conviction depends upon whether the purpose of the conviction is to enhance the sentence or to prove an actual element of the offense. *State v. Atwood*, 16 SW3d 192, 194 (Tex. Ct. App. 2000). See also *Monge v. California*, 524 U. S. 721, 734 (II) (118 SC 2246, 141 LE2d 615) (1998) (double jeopardy does not preclude retrial on a prior conviction allegation in noncapital *sentencing* proceedings); *Holcomb v. Peachtree City*, 187 Ga. App. 258, 259 (1) (370 SE2d 23) (1988). In answering this question, a court must ascertain the intent of the legislature. *Almendarez-Torres v. United States*, 523 U. S. 224, 228 (II) (118 SC 1219, 140 LE2d 350) (1998); *State v. Atwood*, supra at 195. This Court has already held that OCGA § 16-11-131 defines the offense of firearm possession so that a previous felony conviction is a necessary element thereof and, thus, relates to the issue of guilt, and not punishment. *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981). See also *Mize v. State*, 269 Ga. 646, 658 (15) (501 SE2d 219) (1998). Indeed, a statutory provision is a "penalty enhancer" only if its proof "is not necessarily required to secure a conviction." *People v. Leske*, 957 P2d 1030, 1039 (II) (C) (Colo. 1998). See also *Almendarez-Torres v. United States*, supra at 241 (III). In a prosecution under OCGA § 16-11-131, proof of a prior felony is an absolute prerequisite to obtaining any conviction.

The Court of Appeals did not rule that the trial court erred by admitting the document at issue or that it committed any other error. See *Burks v. United States*, 437 U. S. 1, 14-15 (III) (98 SC 2141, 57 LE2d 1) (1978). The Court of Appeals clearly based its remand upon a failure to prove a prior guilty plea and upon the State's claim that it could cure this error. *Brantley v. State*, supra at 86 (1) (b). "Having failed to prove an element of the offense . . ., the State cannot, in effect, retry [Brantley] for the same crime and thereby violate the Double Jeopardy Clause of the United States Constitution." *State v. Atwood*, supra at 196. See also *Holcomb v. Peachtree City*, supra at 259 (1) (identical holding under the Georgia Constitution). Since "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Burks v. United States*, supra at 18 (III). See also *Ware v. State*, 677 SW2d 546, 547 (Tex. Ct. App. 1983) (if there is no evidence of the necessary element of a prior felony, acquittal of unlawful possession of firearm by felon is required), rev'd on other grounds, 749 SW2d 852 (Tex. Crim. App. 1988).

We are pleased to note that the District Attorney, as an officer of

the Court, now concedes that remand was erroneous. Accordingly, we reverse the judgment of the Court of Appeals to the extent that it required an additional hearing, and remand the case with direction that the trial court enter a judgment of acquittal on the firearm possession charge. The remaining portions of the Court of Appeals' judgment are affirmed.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 10, 2000.

*Gerard B. Kleinrock*, for appellant.

*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Kristin L. Wood, Assistant District Attorneys*, for appellee.