A07A0122. TILLER v. THE STATE.
(648 SE2d 738)

PHIPPS, Judge.

After a jury trial, Willie Tiller was convicted of carrying a concealed weapon, providing false information to a police officer, and possessing a firearm as a convicted felon. Challenging only his conviction for possession of a firearm by a convicted felon, Tiller contends that the evidence was insufficient. Because Tiller has shown merit in his contention, we reverse that conviction.

The state adduced evidence that at approximately 11:30 p.m. on November 13, 2003, Tiller was stopped by police officers for walking "right down the middle of [a] roadway" that had sidewalks on both sides of the road. One of the officers asked Tiller to identify himself, having determined that Tiller was in violation of a state law by walking in the middle of the street.[1] Tiller told the officer that his name was "Marcus Bibbs."[2] The officer testified that, because Tiller

---

[1] See OCGA § 40-6-96 (a) ("Where a sidewalk is provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.").

[2] See OCGA § 16-10-25 ("A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor.").

had no picture identification, he arrested him "to insure his appearance in court" for the state law violation. During a pat-down of Tiller's person, the officer found a loaded nine-millimeter pistol secured under the front waistband of Tiller's clothing.[3]

To show that on the date in question Tiller was a convicted felon, the prosecutor tendered state's Exhibit 2, which purportedly showed a prior conviction. Defense counsel objected and asked for a bench conference. After the unreported bench conference, the court announced it was reserving ruling. Later, during a colloquy between the court and counsel while the jury was excused from the courtroom, the prosecutor directed the court's attention again to state's Exhibit 2, stating:

> The defense has asked, and it was during the brief bench conference that we had just prior to this, to have — there's basically five pages to state's Exhibit 2, which is the indictment and then the sentencing sheet. The defense has requested that the indictment go back with the jury; however, that the sentencing sheet stay off. Given that on the front of the indictment it says Count I reduced to theft by taking and dead docket as to Counts II and III on the front of the document, the state would have no problem in an abundance of caution withdrawing that sentence sheet from the exhibit and just presenting the indictment to the court and we can carry it that way.

Defense counsel confirmed, "Your Honor, that was our objection"; and the court ruled, "All right, if he wants to take it off, that's fine." Accordingly, state's Exhibit 2 was admitted into evidence without the sentencing sheet. The jury returned guilty verdicts on the charges of which Tiller was thereafter convicted.

Tiller asserts on appeal that without the sentencing sheet, state's Exhibit 2 fell short of authorizing the jury to find that he previously had been convicted of a felony.[4] He concedes that the exhibit showed that he had pled guilty to a charge of theft by taking, but points out that the offense of theft by taking may be either a felony or a misdemeanor.[5] Tiller claims that, by withdrawing the sentencing

---

[3] See OCGA § 16-11-126 (a) ("A person commits the offense of carrying a concealed weapon when such person knowingly has or carries about his or her person, unless in an open manner and fully exposed to view, any … firearm … outside of his or her home or place of business. …").

[4] OCGA § 16-11-131 (b) prohibits "[a]ny person … who has been convicted of a felony" from receiving, possessing, or transporting any firearm.

[5] See OCGA §§ 16-8-2; 16-8-12 (a). State's Exhibit 2 listed the property taken as "U. S. currency and a gold charm."

sheet from the tendered exhibit and then failing to present to the jury any other evidence that his guilty plea resulted in a felony conviction, the state failed to prove beyond a reasonable doubt that he was a convicted felon.

The state acknowledges that its only evidence of Tiller's previous felony conviction was on a sentencing sheet it claims it initially tendered as part of state's Exhibit 2; that the exhibit was thereafter admitted without any sentencing sheet; and that the exhibit, "*as admitted* does not bear any indication of a felony conviction."

Having reviewed the record, we conclude that the only evidence before the jury regarding Tiller's status as a convicted felon — that he had pled guilty to a crime that could have been either a felony or a misdemeanor — failed to provide the jury with a sufficient basis for finding that element beyond a reasonable doubt.[6] Consequently, Tiller's conviction for possession of a firearm by a convicted felon must be reversed.[7]

The state asserts that Tiller's conviction for possession of a firearm by a convicted felon should be affirmed nonetheless, but its arguments in this regard lack merit. First, the state argues, "Appellant conceded that [the tendered state's Exhibit 2] showed his status as a convicted felon." The state points out that during a colloquy outside the jury's presence about the admissibility of state's Exhibit 2, defense counsel remarked to the court, "We've chosen not to try to contest anything as it relates to him being a convicted felon." But where, as here, the defendant pleads not guilty to a charge, the state bears the burden of proving to the factfinder "every element, and the fact that a defendant does not affirmatively challenge an element at trial does not relieve the State of this burden, nor does it justify the conclusion that the defendant stipulates to the existence of that element."[8] It is true that "[a] defendant may stipulate to . . . factual matters, but the record must reflect that the defendant expressly authorized such stipulation and that the stipulation was intended to obviate the need for direct proof."[9] Furthermore, where the parties have agreed "to stipulate facts in criminal cases, the trier of fact must

---

[6] *Brantley v. State*, 272 Ga. 892 (536 SE2d 509) (2000) (because conviction of a prior felony is a necessary element of the crime of possession of a firearm by a convicted felon, the insufficiency in the proof of this element demands entry of a judgment of acquittal as to that offense); *Raby v. State*, 274 Ga. App. 665, 666 (1) (618 SE2d 704) (2005); see further *Deering v. State*, 244 Ga. App. 30, 30-31 (535 SE2d 4) (2000) (regarding standard of review), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] *Brantley*, supra.

[8] *Tompkins v. State*, 278 Ga. 857, 858 (2) (607 SE2d 891) (2005) (footnote omitted).

[9] Id. at 858 (1) (footnote omitted).

be informed of the stipulated facts."[10] Accordingly, in this case, the cited remark by defense counsel does not constitute a stipulation that Tiller was a convicted felon.[11] And even if it were so construed, the state does not claim that the jury was informed of any such stipulation.

Next, the state claims that it has supplemented the trial record with documents attached to its appellate brief. These documents purport to be (a) a motion, granted by the trial court, to supplement the record with state's Exhibit 2 as originally tendered; and (b) state's Exhibit 2 as originally tendered. The state claims that these documents demonstrate that Tiller's "prior conviction [for theft by taking] was in fact for a felony. Thus Appellant is not harmed."

The appellate record, however, does not contain the motion to supplement, along with the complete copy of Exhibit 2 as originally tendered;[12] and "[e]xhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court."[13] Furthermore, even if the record below now contains a sentencing sheet showing that Tiller was a convicted felon, the sheet was not presented to the jury. And the state cannot add evidence to the record after the trial or attach documents to an appellate brief in lieu of meeting its burden of proving to the fact-finder each essential element of a charge.

Finally, the state characterizes the evidentiary deficiency as an "error" the defense induced by objecting to state's Exhibit 2 as originally tendered. Citing *Pearson v. State*,[14] the state argues that Tiller's insufficiency claim must be rejected under the principle that "[a] party cannot solicit an evidentiary ruling and then complain of it on appeal."[15]

Because *Pearson* is inapposite to the instant case, it does not provide for a rejection of Tiller's insufficiency claim. In *Pearson*, the appellant's challenge to the sufficiency of the evidence supporting his conviction for possession of a firearm by a convicted felon focused on the fact that the exhibit introduced to show his prior conviction contained no certification.[16] The record showed, however, that the

---

[10] *Raby,* supra (citations omitted); see generally *Graham v. State,* 275 Ga. 290, 292-293 (2) (565 SE2d 467) (2002).

[11] *Tompkins,* supra at 858.

[12] Court of Appeals Rule 25 (b) (1) ("Part One [of appellee's brief] shall point out any . . . parts of the record or transcript deemed material."); Court of Appeals Rule 25 (c) (3) (iii) (concerning proper record references).

[13] *Rivera v. Harris,* 259 Ga. 171 (1) (377 SE2d 844) (1989) (citation and punctuation omitted).

[14] 278 Ga. 490, 491 (1) (604 SE2d 180) (2004).

[15] Id (citation omitted).

[16] Id.

defense attorney had acknowledged at trial that the exhibit tendered by the state was a certified copy of her client's felony conviction, but objected to the sentencing sheet included in the exhibit "go[ing] back with the jury."[17] In response, the trial court admitted the exhibit without the sentencing sheet, which apparently contained the certification.[18] The Supreme Court of Georgia rejected the appellant's insufficiency claim, determining that under the circumstances in that case, the appellant was precluded from asserting that "the documentary proof of his prior conviction was uncertified."[19]

The certification challenge on appeal in *Pearson* went to the admissibility of the documentary evidence and was barred because defense counsel had acquiesced to the admission of the document without the page apparently containing the certification. "Acquiescence completely deprives [an] appellant of the right to complain further."[20] Tiller does not challenge on appeal the certification of state's Exhibit 2 or its admissibility otherwise. He argues that the documentary evidence, as admitted and presented to the jury, was insufficient to authorize a finding that he was a convicted felon. And unlike what occurred in *Pearson*, neither Tiller nor his counsel solicited or acquiesced in any evidentiary ruling that relieved the state of presenting to the jury sufficient evidence of that essential element. Thus, *Pearson* does not lead to a conclusion that Tiller is precluded from asserting his sufficiency challenge. And contrary to the state's assertion, the evidentiary "error" fatal to the prosecution is not properly attributed to the defense.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 2, 2007.

*Mau & Kondritzer, Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.

---

[17] Id. (punctuation omitted).
[18] Id.
[19] Id.; compare *Tolbert v. State*, 227 Ga. App. 647 (490 SE2d 183) (1997).
[20] *Earnest v. State*, 262 Ga. 494, 496 (3) (422 SE2d 188) (1992) (citations and punctuation omitted).