**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2018**

# In the Court of Appeals of Georgia

A17A1443. McKIE v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for possession of a firearm by a convicted felon, Kiron McKie argues that because there was no evidence before the jury that he had been convicted of the underlying felony, he cannot be convicted of the firearm possession charge. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation and emphasis omitted).

So viewed, the record shows that in the course of an attempted drug deal at the front door of the male victim's apartment, McKie and the victim struggled over a gun, resulting in the discharge of the gun and the shooting of the victim in the back. In light of the victim's death from his wound, McKie was charged with malice murder, three counts of felony murder, aggravated assault, attempted violation of the controlled substance laws, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The convicted-felon possession charge alleged that McKie had possessed a firearm "after having been convicted of a felony, . . . to wit: Forgery in the First Degree."

At trial, and just before resting its case, the State proffered what it characterized as "a certified conviction of [McKie] from Fulton County for the offense of forgery in the first degree." When McKie did not object, the prosecutor stated that she was "just going to show the face of [the exhibit] to the jury." The document duly admitted as State Exhibit 35 was a copy of an October 2011 indictment for first-degree forgery against McKie. At the bottom of the indictment is a section of printed text stating that the defendant "waives [a] copy of indictment, list

2

of witnesses, formal arraignment and pleads *X* Guilty." This plea section of the form was signed by McKie, his counsel, and the prosecutor on November 14, 2011, and filed the following day.

McKie testified at trial, admitting to obtaining the gun in the course of the struggle with the victim and to pointing the gun at him. In the course of closing argument, McKie's counsel made the following statements:

> You'll have the indictment, you'll have the certified, [McKie] got *convicted of forgery* back in Fulton County some years ago. And technically, *he is a convicted felon*.

> Yes, [McKie] is *a convicted felon*. We admit that all day. It's true.

(Emphasis supplied.) McKie received a directed verdict of acquittal on one of the felony murder charges and the substance charge, and the jury found him not guilty of the remaining charges with the exception of the charge for possession of a firearm by a convicted felon. McKie was convicted on this charge alone and sentenced to five years to serve. On appeal from this judgment, McKie argues that there was no evidence before the jury that he was a convicted felon, with the result that his conviction must be reversed. We disagree.

3

"An essential element of the offense of possession of a firearm by a convicted felon is, of course, a prior felony conviction." *Mosley v. State*, 261 Ga. 868 (3) (b) (412 SE2d 529) (1992); *Brantley v. State*, 272 Ga. 892, 893 (536 SE2d 509) (2000) ("In a prosecution [for possession of a firearm by a convicted felon], proof of a prior felony is an absolute prerequisite to obtaining any conviction."). A directed judgment of acquittal is thus required when the State has failed to prove a prior felony conviction as to a charge of possession of a firearm by a convicted felon. See, e.g., *Tiller v. State*, 286 Ga. App. 230, 232 (648 SE2d 738) (2007) (reversing a conviction for possession of a firearm by a convicted felon when "the only evidence before the jury regarding [a defendant's] status as a convicted felon" was a guilty plea that did not distinguish between misdemeanor and felony theft).

The document introduced into evidence here, State's Exhibit 35, was an indictment and guilty plea to the crime of first-degree forgery.[1] As we have noted, evidence of a guilty plea is, by itself, insufficient to establish the underlying felony necessary to support a conviction for possession of a firearm by a convicted felon. *Tiller*, 286 Ga. App. at 232. This case is distinguishable from *Tiller*, however,

---

[1] See OCGA §§ 16-9-1 (b) (defining first-degree forgery), OCGA § 16-9-2 (a) (providing that first-degree forgery is a felony).

4

because McKie twice admitted during closing argument that he had been *convicted* of the felony charge of forgery.

We understand that in general, "closing argument is not evidence to be considered by the factfinder." *Stroud v. State*, 286 Ga. App. 124, 128 (3) (648 SE2d 476) (2007) (footnote omitted). This Court has often noted, however, that unequivocal statements in closing argument can amount to an admission of a material fact, rendering that fact no longer in dispute. See *Bonilla v. State*, 204 Ga. App. 424, 424 (1) (419 SE2d 495) (1992) (defendant "admitted in closing argument" and in appellate brief that he was the person appearing in a videotape of the robbery at issue).[2] In *Anderson v. State*, 253 Ga. App. 129 (558 SE2d 459) (2001), we thus concluded that evidence including videotapes showing the defendant engaged in a drug deal, when taken with his admission in closing argument that he had appeared on the videotape, was sufficient to sustain his conviction for the sale of a controlled substance. Id. at 130-131; see also *Kovacs v. State*, 227 Ga. App. 870, 872 (2) (490 SE2d 539) (1997) (when a defendant admitted at trial and in closing argument that

---

[2] Although Division 1 of *Bonilla* was physical precedent only at the time of its issuance, it was cited for the proposition that a party can make an "admission in judicio in closing argument" in *Robinson v. State*, 231 Ga. App. 368, 368 (1) (498 SE2d 579) (1998).

"he knew he had a suspended license," the evidence was sufficient to find him guilty of driving with a suspended license); *Michael v. State*, 335 Ga. App. 579, 584 (1), n. 7 (782 SE2d 479) (2016) (in light of evidence including an admission during closing argument that defendant was guilty of hit-and-run and tampering with evidence, defendant's sufficiency challenge to the tampering conviction failed).

Here, the evidence establishing that McKie was a convicted felon included not only his guilty plea to a charge of first-degree forgery, a felony, but also his admissions in closing argument that he had been convicted on just this charge. Viewed in favor of the jury's verdict, this evidence was sufficient to sustain his conviction for possession of a firearm by a convicted felon. See OCGA § 16-11-131 (b) (defining crime of possession of a firearm by a convicted felon); *Jackson*, supra.

*Judgment affirmed. Bethel, J., concurs specially. McFadden, P. J., dissents.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

6

A17A1443. McKIE v. THE STATE

BETHEL, Judge, concurring specially.

I would affirm because the jury heard sufficient evidence that McKie committed the offense of possession of a firearm by a convicted felon to support a verdict of guilt beyond a reasonable doubt.

In *Tiller v. State*, 286 Ga. App. 230 (648 SE2d 738) (2007), we were faced with the following issue:

> Tiller asserts on appeal that without the sentencing sheet, state's Exhibit 2 fell short of authorizing the jury to find that he previously had been convicted of a felony. He concedes that the exhibit showed that he had pled guilty to a charge of theft by taking, *but points out that theft by taking may be either a felony or a misdemeanor*. Tiller claims that, by withdrawing the sentencing sheet from the tendered exhibit and then failing to present to the jury any other evidence that his guilty plea resulted in a felony conviction, the state failed to prove beyond a reasonable doubt that he was a convicted felon . . . . Having reviewed the record, we conclude that the only evidence before the jury regarding Tiller's status as a convicted felon – *that he had pled guilty to a crime that could have been either a felony or a misdemeanor* – failed to provide the jury with a sufficient basis for a finding that element beyond a reasonable doubt.

*Id.* at 231-232 (internal citations omitted and emphasis supplied).

While theft by taking can be either a felony or a misdemeanor, first degree forgery is always a felony. OCGA § 16-9-1 (b) and OCGA § 16-9-2(a). Thus, evidence of McKie's guilty plea was not subject to the same ambiguity presented in *Tiller*. I find this difference sufficient to distinguish the two cases.

As noted by the Presiding Judge in his dissent, "this plea was circumstantial evidence of a conviction." While less probative than a certified copy of a conviction, the evidence provided was evidence from which a rational trier of fact could conclude that McKie had been convicted. McKie was certainly entitled to attack the evidence and was entitled to an appropriate jury charge regarding circumstantial evidence.[1] The evidence, however, provided the jury a sufficient basis for a conviction.

While the extremely definitive statements of McKie's counsel concerning McKie's status as a convicted felon during argument sound like admissions or stipulations, I hew to the rules providing that argument is not evidence and that stipulations of fact in a criminal proceeding must be formally made. *See, e.g., Hazelrigs v. State*, 255 Ga. App. 784, 785 (1) (567 SE2d 79) (2002) ("argument of counsel is not evidence to be considered by the jury"); *Whatley v. State*, 189 Ga. App. 173, 175 (4) (375 SE2d 245) (1988) ("To be considered binding against his client as

---

[1]McKie has not suggested any error in the charge to the jury.

a stipulation of fact, a statement made by counsel during the trial of a case must constitute a distinct and formal admission of fact made for the express purpose of dispensing with formal proof" (citation and punctuation omitted)).

A17A1443. McKIE v. THE STATE.

MCFADDEN, Presiding Judge, dissenting.

Because the evidence is legally insufficient to support McKie's conviction for possession of a firearm by a convicted felon, I respectfully dissent. A guilty plea was the only evidence the state introduced that McKie was a convicted felon. While this plea was circumstantial evidence of a conviction, it does not exclude "every other reasonable hypothesis." OCGA § 24-14-6. And closing arguments are not evidence. So McKie's conviction must be reversed.

1. *Guilty plea.*

The only evidence the state introduced relevant to the issue of whether McKie was a convicted felon is a copy of a document charging McKie with forgery in the first degree. The document shows McKie's signature affirming that he "waiv[ed] copy of the indictment, list of witnesses, formal arraignment and plead[ed] *X* Guilty." McKie's attorney and the assistant district attorney signed the document below McKie's signature.

While the document is evidence of a guilty plea, it is not direct evidence that McKie was ever actually convicted. See OCGA § 16-1-3(4) ("'Conviction' includes a final judgment of conviction entered . . . upon a plea of guilty."). Before a court can accept a guilty plea and enter a final judgment of conviction upon it, the court must

make numerous inquiries and determinations on the record. See Uniform Superior Court Rule 33.8 (before accepting a guilty plea, a court should, among other things, determine that the defendant understands the nature of the charges; inform the defendant of the multiple rights being waived, including the right to a jury trial, the presumption of innocence, and the right not to incriminate oneself; and inform the defendant of the terms of any negotiated plea, as well as the maximum possible sentence and the mandatory minimum sentence). Moreover, "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'" OCGA § 17-7-93 (b). Thus, the document introduced by the state shows only a plea of guilty; it does not prove that a judgment of conviction was ever entered upon that plea. Compare *Taylor v. State*, 249 Ga. App. 538, 540-41 (2) (548 SE2d 662) (2001) (Alabama court's "case action summary" was sufficient proof of defendant's status as convicted felon because the document reflected "entry of a final judgment of conviction upon the defendant's guilty plea").

Although the document is circumstantial evidence of McKie's status as a convicted felon, it does not exclude every other reasonable hypothesis. Under OCGA § 24-14-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other

2

reasonable hypothesis save that of the guilt of the accused." As McKie argues, one reasonable hypothesis inconsistent with the purported fact that McKie is a convicted felon is that he withdrew his guilty plea as he was statutorily entitled to do under OCGA § 17-7-93 (b). Another reasonable hypothesis is that McKie was sentenced as a first offender and discharged without an adjudication of guilt, which would not support a conviction for possession of a firearm by a convicted felon. See OCGA § 16-11-131 (f). "[T]he burden to present evidence excluding every other reasonable hypothesis save that of guilt is upon the state." *Cornish v. State*, 187 Ga. App. 140, 142 (369 SE2d 515) (1988).

> While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must review the evidence in the light most favorable to the jury verdict, we must not be blinded by that verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law.

*Krull v. State*, 211 Ga. App. 37, 39 (438 SE2d 152) (1993) (citation omitted).

2. *Closing argument.*

Contrary to the majority's position, defense counsel's statements in closing argument did not cure the insufficiency of the evidence. The majority acknowledges

3

that statements made during closing argument are not evidence but nonetheless finds that here, statements made during closing argument were some evidence of an essential element of the crime.

But as the trial court correctly instructed the jury, "[e]vidence does not include . . . closing remarks of the attorneys. . . ." See 2 Ga. Jury Instructions - Criminal § 1.30.10. So the jury was not authorized to treat statements made in closing argument as proof of facts.

The majority holds that a party's concessions during closing argument can "render[] that fact no longer in dispute" and thereby make up for the opposing party's failure to introduce evidence of that fact. But the authority on which the majority relies for that proposition does not support it.

Sufficiency of the evidence was not at issue in *Bonilla v. State*, 204 Ga. App. 424, 424 (1) (419 SE2d 495) (1992). There we rejected Bonilla's argument that "the trial court erred . . . by denying his counsel's request to play [a] videotape taken at [a] store during the robbery in his counsel's closing argument." Id. We noted that Bonilla "admitted in closing argument at trial and by way of an admission in judicio in his appellate brief . . . that the person appearing in the videotape which was taken after the robbery was appellant." Id. So any such admission had nothing to do with the

4

sufficiency of the evidence to support Bonilla's conviction. Moreover, *Bonilla* is physical precedent only as to the division of the opinion that the majority cites.

In *Anderson v. State*, 253 Ga. App. 129 (558 SE2d 459) (2001), the defendant did challenge the sufficiency of the evidence of his identity as the person who sold crack cocaine to an informant. We affirmed the judgment of conviction, noting that

> [t]he jury . . . viewed the videotapes [of the sales to the confidential informant]; the informant testified, with respect to the first transaction on the first tape, that the tape showed him giving [the defendant] $ 10 and [the defendant] giving him "suspected crack cocaine"; the informant identified [the defendant] in court as the individual on the tape; and [the defendant] admitted during closing argument that he appeared on the tape.

Id. at 130-131. Our reference to the admission in closing argument was superfluous because there was sufficient evidence to support the conviction absent any such admission.

Likewise, in *Kovacs v. State*, 227 Ga. App. 870 (490 SE2d 539) (1997), the defendant challenged the sufficiency of the evidence that he had notice that his license had been suspended, an element of the crime of driving on a suspended license. We observed that "Kovacs himself testified at trial that he told [the arresting officer] that his license had been suspended. Kovacs admitted at trial that he knew he

had a suspended license but broke the law and drove. Indeed, during closing argument, Kovacs' attorney admitted Kovacs 'was driving on a suspended license, and you may find him guilty of that.' " Id. at 872 (2). So as in *Anderson*, supra, our reference to the admission in closing argument was superfluous because there was sufficient evidence to support the conviction absent any such admission.

Finally, the majority cites *Michael v. State*, 335 Ga. App. 579 (782 SE2d 479) (2016), where we wrote,

> To the extent that Michael challenges her conviction for tampering with evidence (OCGA § 16-10-94 (a)), her admissions during her police interview and the trial testimony of the car repairman clearly were sufficient to support her conviction on this count. Moreover, the defense conceded during closing argument that Michael was guilty of hit and run and tampering with evidence.

Id. at 584 (1) n.7. So again, the concession during closing argument was superfluous to the sufficiency of the evidence to support the conviction.

Closing arguments by the attorneys are not evidence. See *Smith v. State*, 282 Ga. 388, 389-390 (2) (651 SE2d 28) (2007). So defense counsel's statements in closing argument are not proof that McKie was a convicted felon.

6

Because the state failed to prove that McKie was a convicted felon, we must reverse his conviction for possession of a firearm by a convicted felon. See *Brantley v. State*, 272 Ga. 892, 892 (536 SE2d 509) (2000) ("Because conviction of a prior felony was a necessary element of the crime of firearm possession as proscribed in OCGA § 16-11-131, we conclude that the insufficiency in the proof of this element demands entry of a judgment of acquittal as to that offense."). Compare *Walker v. State*, 281 Ga. 157, 165 (10 (c) (635 SE2d 740) (2006) (evidence was sufficient where state introduced indictment, guilty plea, and sentence for the felony offense of theft by taking); *Harris v. State*, 283 Ga. App. 374, 377 (1) (b) (641 SE2d 619) (2007) (evidence was sufficient where state introduced certified copy of defendant's guilty plea and sentence).