Branch, Judge.
On appeal from his conviction for possession of a firearm by a convicted felon, Kiron McKie argues that because there was no evidence before the jury that he had been convicted of the underlying felony, he cannot be convicted of the firearm possession charge. We find no error and affirm.
"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." Reese v. State , 270 Ga. App. 522, 523, 607 S.E.2d 165 (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia , 443 U.S. 307, 319 (III) (B), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation and emphasis omitted).
So viewed, the record shows that in the course of an attempted drug deal at the front door of the male victim's apartment, McKie and the victim struggled over a gun, resulting in the discharge of the gun and the shooting of the victim in the back. In light of the victim's death from his wound, McKie was charged with malice murder, three counts of felony murder, aggravated assault, attempted violation of the controlled substance laws, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The convicted-felon possession charge alleged that McKie had possessed a firearm "after having been convicted of a felony, ... to wit: Forgery in the First Degree."
At trial, and just before resting its case, the State proffered what it characterized as "a certified conviction of [McKie] from Fulton County for the offense of forgery in the first degree." When McKie did not object, the prosecutor stated that she was "just going to show the face of [the exhibit] to the jury." The document duly admitted as State Exhibit 35 was a copy of an October 2011 indictment for first-degree forgery against McKie. At the bottom of the indictment is a section of printed text stating that the defendant "waives [a] copy of indictment, list of witnesses, formal arraignment and pleads X Guilty." This plea section of the form was signed by McKie, his counsel, and the prosecutor on November 14, 2011, and filed the following day.
McKie testified at trial, admitting to obtaining the gun in the course of the struggle with the victim and to pointing the gun at him. In the course of closing argument, McKie's counsel made the following statements:
You'll have the indictment, you'll have the certified, [McKie] got convicted of forgery back in Fulton County some years ago. And technically, he is a convicted felon .
Yes, [McKie] is a convicted felon . We admit that all day. It's true.
(Emphasis supplied.) McKie received a directed verdict of acquittal on one of the felony murder charges and the substance charge, and the jury found him not guilty of the remaining charges with the exception of the charge for possession of a firearm by a convicted felon. McKie was convicted on this charge alone and sentenced to five years to serve. On appeal from this judgment, McKie argues that there was no evidence before the jury that he was a convicted felon, with the result that his conviction must be reversed. We disagree.
"An essential element of the offense of possession of a firearm by a convicted felon is, of course, a prior felony conviction." Mosley v. State , 261 Ga. 868 (3) (b), 412 S.E.2d 529 (1992) ; Brantley v. State , 272 Ga. 892, 893, 536 S.E.2d 509 (2000) ("In a prosecution *355 [for possession of a firearm by a convicted felon], proof of a prior felony is an absolute prerequisite to obtaining any conviction."). A directed judgment of acquittal is thus required when the State has failed to prove a prior felony conviction as to a charge of possession of a firearm by a convicted felon. See, e.g., Tiller v. State , 286 Ga. App. 230, 232, 648 S.E.2d 738 (2007) (reversing a conviction for possession of a firearm by a convicted felon when "the only evidence before the jury regarding [a defendant's] status as a convicted felon" was a guilty plea that did not distinguish between misdemeanor and felony theft).
The document introduced into evidence here, State's Exhibit 35, was an indictment and guilty plea to the crime of first-degree forgery.[1] As we have noted, evidence of a guilty plea is, by itself, insufficient to establish the underlying felony necessary to support a conviction for possession of a firearm by a convicted felon. Tiller , 286 Ga. App. at 232, 648 S.E.2d 738. This case is distinguishable from Tiller , however, because McKie twice admitted during closing argument that he had been convicted of the felony charge of forgery.
We understand that in general, "closing argument is not evidence to be considered by the factfinder." Stroud v. State , 286 Ga. App. 124, 128 (3), 648 S.E.2d 476 (2007) (footnote omitted). This Court has often noted, however, that unequivocal statements in closing argument can amount to an admission of a material fact, rendering that fact no longer in dispute. See Bonilla v. State , 204 Ga. App. 424, 424 (1), 419 S.E.2d 495 (1992) (defendant "admitted in closing argument" and in appellate brief that he was the person appearing in a videotape of the robbery at issue).[2] In Anderson v. State , 253 Ga. App. 129, 558 S.E.2d 459 (2001), we thus concluded that evidence including videotapes showing the defendant engaged in a drug deal, when taken with his admission in closing argument that he had appeared on the videotape, was sufficient to sustain his conviction for the sale of a controlled substance. Id. at 130-131, 558 S.E.2d 459 ; see also Kovacs v. State , 227 Ga. App. 870, 872 (2), 490 S.E.2d 539 (1997) (when a defendant admitted at trial and in closing argument that "he knew he had a suspended license," the evidence was sufficient to find him guilty of driving with a suspended license); Michael v. State , 335 Ga. App. 579, 584 (1), n. 7, 782 S.E.2d 479 (2016) (in light of evidence including an admission during closing argument that defendant was guilty of hit-and-run and tampering with evidence, defendant's sufficiency challenge to the tampering conviction failed).
Here, the evidence establishing that McKie was a convicted felon included not only his guilty plea to a charge of first-degree forgery, a felony, but also his admissions in closing argument that he had been convicted on just this charge. Viewed in favor of the jury's verdict, this evidence was sufficient to sustain his conviction for possession of a firearm by a convicted felon. See OCGA § 16-11-131 (b) (defining crime of possession of a firearm by a convicted felon); Jackson , supra.
Judgment affirmed.
Bethel, J., concurs specially. McFadden, P. J., dissents.*
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).
Bethel, Judge, concurring specially.
I would affirm because the jury heard sufficient evidence that McKie committed the offense of possession of a firearm by a convicted felon to support a verdict of guilt beyond a reasonable doubt.
In Tiller v. State , 286 Ga. App. 230, 648 S.E.2d 738 (2007), we were faced with the following issue:
*356 Tiller asserts on appeal that without the sentencing sheet, state's Exhibit 2 fell short of authorizing the jury to find that he previously had been convicted of a felony. He concedes that the exhibit showed that he had pled guilty to a charge of theft by taking, but points out that theft by taking may be either a felony or a misdemeanor . Tiller claims that, by withdrawing the sentencing sheet from the tendered exhibit and then failing to present to the jury any other evidence that his guilty plea resulted in a felony conviction, the state failed to prove beyond a reasonable doubt that he was a convicted felon.... Having reviewed the record, we conclude that the only evidence before the jury regarding Tiller's status as a convicted felon-that he had pled guilty to a crime that could have been either a felony or a misdemeanor -failed to provide the jury with a sufficient basis for a finding that element beyond a reasonable doubt.
Id. at 231-232, 648 S.E.2d 738 (internal citations omitted and emphasis supplied).
While theft by taking can be either a felony or a misdemeanor, first degree forgery is always a felony. OCGA § 16-9-1 (b) and OCGA § 16-9-2(a). Thus, evidence of McKie's guilty plea was not subject to the same ambiguity presented in Tiller . I find this difference sufficient to distinguish the two cases.
As noted by the Presiding Judge in his dissent, "this plea was circumstantial evidence of a conviction." While less probative than a certified copy of a conviction, the evidence provided was evidence from which a rational trier of fact could conclude that McKie had been convicted. McKie was certainly entitled to attack the evidence and was entitled to an appropriate jury charge regarding circumstantial evidence.[1] The evidence, however, provided the jury a sufficient basis for a conviction.
While the extremely definitive statements of McKie's counsel concerning McKie's status as a convicted felon during argument sound like admissions or stipulations, I hew to the rules providing that argument is not evidence and that stipulations of fact in a criminal proceeding must be formally made. See, e.g., Hazelrigs v. State , 255 Ga. App. 784, 785 (1), 567 S.E.2d 79 (2002) ( "argument of counsel is not evidence to be considered by the jury"); Whatley v. State , 189 Ga. App. 173, 175 (4), 375 S.E.2d 245 (1988) ("To be considered binding against his client as a stipulation of fact, a statement made by counsel during the trial of a case must constitute a distinct and formal admission of fact made for the express purpose of dispensing with formal proof" (citation and punctuation omitted) ).

See OCGA §§ 16-9-1 (b) (defining first-degree forgery), OCGA § 16-9-2 (a) (providing that first-degree forgery is a felony).

Although Division 1 of Bonilla was physical precedent only at the time of its issuance, it was cited for the proposition that a party can make an "admission in judicio in closing argument" in Robinson v. State , 231 Ga. App. 368, 368 (1), 498 S.E.2d 579 (1998).

McKie has not suggested any error in the charge to the jury.