305 Ga. 853
FINAL COPY

S19A0324. COLLETT v. THE STATE.

PETERSON, Justice.

Shane Collett appeals his convictions for malice murder and concealing the death of another in connection with the 2012 death of nine-year-old Skylar Dials.[1] Collett challenges the sufficiency of the evidence to support these convictions and argues that the trial court erred by failing to instruct the jury on the lesser included offense of reckless conduct or on mistake of fact. We affirm because the evidence was sufficient and the instructions were unwarranted.

---

[1] Collett was indicted by a Spalding County grand jury on April 30, 2013 for malice murder, two counts of felony murder, aggravated assault, cruelty to children in the first degree, and concealing the death of another. At a trial in January 2015, the jury found Collett guilty on all counts. Collett was sentenced to life without the possibility of parole for malice murder and ten years concurrent for concealing the death of another. The trial court determined that the remaining counts were merged or vacated by operation of law, and the State has not cross-appealed these conclusions, so we do not review them. See *Dixon v. State*, 302 Ga. 691, 697-698 (4) (808 SE2d 696) (2017). Collett timely filed a motion for new trial on February 24, 2015, and amended it on May 16, 2016, and December 8, 2016. On August 17, 2017, the trial court denied the amended motion for new trial. Collett timely filed his notice of appeal. His appeal was docketed in this Court for the term beginning in December 2018 and was submitted for decision on the briefs.

Viewed in the light most favorable to the verdicts, the evidence at trial shows that Dials lived with her guardians, Renas and Robert Lupas, and their family in Spalding County. On the morning of December 21, 2012, Dials left her home to play with her friend C. P., who lived next door with her family and Collett.

When Dials failed to return by 3:00 p.m., Ms. Lupas became concerned and went over to C. P.'s house. Collett answered the door and told them that Dials was not there. C. P. and her mother said Dials never came to the house. The Lupases and neighbors began searching for Dials and calling out her name. Collett pretended to help but never went near the brush piles behind the house where Dials's body was later found. Failing to find her, Ms. Lupas called the police, who conducted an extensive search for Dials.

During the course of the search, the police interviewed Collett several times; each time he denied ever seeing Dials but changed the particulars of his story. During these interactions Collett made little to no eye contact with investigators and expressed no emotion. He also peered through the back window of his house while police

searched for Dials.

Around 2:00 a.m. on December 22, 2012, the police found Dials's body in a brush pile behind her home. Her sweater was torn and pulled up near her head. She had scratch marks and bruising on her face and neck. Police recovered Dials's clothes, and examiners later identified multiple fibers from Collett's room on Dials's sweater, including a clump of fibers from the blanket on his bed. Examiners determined that this concentration of fibers would not have appeared by mere accident or momentary transfer, but required prolonged contact. There was also no evidence that Dials had been moved after having been placed in the brush pile.

After finding Dials's body, the police questioned Collett once more, and he changed his story yet again. After being advised of his rights, Collett said that Dials had come to the house while he was asleep and that she surprised him, causing him to jump up and knock her to the floor, rendering her unconscious. He claimed that he then moved her from the bedroom to the brush pile. He claimed that she was still breathing at the time and that she was not in the

pile when he went to check on her later.

The medical examiner found that the injury to Dials's head was not severe enough to have caused unconsciousness. Based on the marks on her neck, bleeding under the skin around her eyes, and swelling of her brain, the medical examiner determined that Dials's cause of death was asphyxiation resulting from prolonged neck compression. The medical examiner opined that it would have taken several minutes for Dials to reach unconsciousness and then die. He did not believe the trauma could have been accidental.

1. Collett challenges the sufficiency of the evidence to convict him of malice murder and concealing the death of another in connection with the death of Dials.[2] We disagree.

In cases like this one where convictions are based on circumstantial evidence, the evidence must be "consistent with the hypothesis of guilt" and "exclude every other reasonable hypothesis

---

[2] While Collett challenges the sufficiency of the evidence to sustain all of the guilty verdicts against him, his challenges to the counts other than malice murder and concealing the death of another are moot because those counts were merged or vacated by operation of law. See *White v. State*, 287 Ga. 713, 714-715 (1) (a) (699 SE2d 291) (2010).

save that of the guilt of the accused." OCGA § 24-14-6. Not every hypothesis is reasonable, and the reasonableness of alternative hypotheses raised by a defendant is a question principally for the jury. *Akhimie v. State*, 297 Ga. 801, 804 (1) (777 SE2d 683) (2015). Where the jury is authorized to find the evidence sufficient to exclude every reasonable hypothesis save that of the accused's guilt, "this Court will not disturb that finding unless it is insupportable as a matter of law." Id. When reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

Collett argues that he did not know that Dials was dead when he placed her body in the brush pile and that the State failed to prove (1) that doing so was an act known to cause a substantial certainty of death, (2) that he desired to cause her death, or (3) the exact scene or manner of death.

But the evidence viewed in the light most favorable to the verdicts indicates that Collett compressed Dials's neck for an

extended period of time in his room until she asphyxiated. The evidence also indicates that Collett carried her out of the house, placed her body face up in a brush pile, feigned participation in the initial search party, and (despite repeated interviews with the police) failed to inform the police as to Dials's location. Given these facts, a rational trier of fact could have excluded every other reasonable hypothesis and found beyond a reasonable doubt that Collett murdered Dials and concealed her death.

2. Collett argues that the trial court erred when it failed to instruct the jury on the lesser included offense of reckless conduct or on mistake of fact as he requested with respect to the murder and child cruelty charges. We disagree.

A requested jury charge must be "legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence." *Stokes v. State*, 281 Ga. 875, 877-878 (3) (644 SE2d 116) (2007) (citation and punctuation omitted). Although it is error to deny a jury charge that is warranted by the evidence, there is no error in refusing to give a charge that is not. Id.; *Bryson v. Jackson*,

299 Ga. 751, 755 (2) (d) (791 SE2d 43) (2016).

(a) "Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another." *Salyers v. State*, 276 Ga. 568, 569 (2) (580 SE2d 240) (2003) (citation and punctuation omitted); OCGA § 16-5-60 (b). Collett contends that the act of dropping Dials's body into the brush pile may have caused her injuries. There is no evidence, however, that dropping Dials's body into the brush pile caused her death. Instead, all of the evidence shows that Collett inflicted the fatal injuries *before* she was moved.

(b) Mistake of fact is a defense where there is a misapprehension of a fact that would have justified the act by negating the mental state required to have committed the crime. *Allen v. State*, 290 Ga. 743, 747 (5) (723 SE2d 684) (2012); OCGA § 16-3-5. Collett contends that Dials was still breathing when he placed her in the brush pile. The unrebutted testimony of the medical examiner shows that Collett's prolonged compression of Dials's neck ultimately caused her death. Collett's ignorance of the

exact moment of her death does not negate his mental state in performing the lethal act.

The trial court did not err in refusing to instruct the jury as to reckless conduct or mistake of fact as requested because neither charge was supported by the evidence.

_Judgment affirmed. All the Justices concur._

Decided May 20, 2019.

Murder. Spalding Superior Court. Before Judge Sams.

_Debra K. Jefferson_, for appellant.

_Benjamin D. Coker, District Attorney, B. Ashton Fallin, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General_, for appellee.