306 Ga. 111
FINAL COPY

S18G1007. McKIE v. THE STATE.

BOGGS, Justice.

We granted certiorari to consider whether, in this case governed by the new Evidence Code, the evidence presented at trial was legally sufficient to prove that Kiron McKie previously was convicted of forgery in the first degree, a felony, so as to support his conviction for possession of a firearm by a convicted felon. We conclude that the evidence was sufficient, and we therefore affirm the judgment of the Court of Appeals affirming McKie's conviction.

In 2014, a DeKalb County grand jury indicted McKie and Kevin Ray McDougal for malice murder, two counts of felony murder, aggravated assault, and attempted violation of the Georgia Controlled Substances Act, arising out of the shooting death of Dexter Mizelle during an attempted drug deal. McKie was additionally charged with felony murder predicated upon possession of a firearm by a convicted felon, possession of a firearm by a

convicted felon, and possession of a firearm in the commission of a felony. McKie was tried before a jury in April 2016; McDougal testified against McKie in exchange for dismissal of the charges against him.

At the conclusion of the State's case, the prosecutor offered into evidence State's Exhibit 35:

> PROSECUTOR: At this time I move to tender what I've marked as State's Exhibit 35. It's a certified conviction of the defendant from Fulton County for the offense of forgery in the first degree.
> COURT: Any objection?
> DEFENSE COUNSEL: No objection.
> COURT: Admitted without objection.
> PROSECUTOR: And I'm just going to show the face of that to the jury. That's State's Exhibit 35.

The exhibit as contained in the record consists of two pages: the cover sheet of the accusation and the charge, accusing McKie of committing forgery in the first degree. At the bottom of the first page, the printed portion of the form states that the defendant "waives copy of indictment, list of witnesses, formal arraignment and pleads ___ Guilty." An "X" is written in the space provided, and the signature blocks contain signatures of McKie, his counsel, and

the assistant district attorney. No judgment of conviction or sentence appears in the exhibit.[1]

During closing argument, McKie's trial counsel stated:

> Now, of course, one of the things you're going to see in this case is Mr. McKie, you'll have the indictment, you'll have the certified, he got convicted of forgery back in Fulton County some years ago. And, technically, he is a convicted felon, and all the people are wondering, well, if you're a convicted felon, you're not supposed to be anywhere near a gun, which is true. Except if your status as a convicted felon, you're not precluded from raising justification or self-defense. That's the law.

A short time later, McKie's trial counsel stated, "Count 7, possession of a firearm by a convicted felon. Yes, he's a convicted felon, we admit that all day. It's true. But, again, due to the circumstances of this case, we ask you to find him not guilty."[2]

---

[1] The State concedes there was no agreement or stipulation with regard to the redaction of the exhibit; the prosecutor testified at the hearing on McKie's motion for new trial that she redacted it as a matter of custom and McKie did not object.

[2] McKie argued that he possessed the firearm only briefly and for the purpose of self-defense, and thus was justified. McKie's counsel told the jury: "But the law allows that if you're a convicted felon and you're stuck in a position where someone pulls a gun on you, you can use that firearm to defend yourself, and that's what we have here." The trial court instructed the jury that justification is "a defense to prosecution for any crime based on that conduct, including possession of a firearm by a convicted felon." Evidence was

The trial court instructed the jury on circumstantial evidence.[3] It also instructed the jury:

> You have received in evidence an exhibit which purports to be a copy of a prior conviction of this defendant. You may consider this evidence only insofar as it may relate to the issue of impeachment and the required element of conviction of a felony for the offense or offenses in Counts 4 and 7 and not for any other purpose.[4]
>
> . . .
>
> A person commits the offense of possession of a firearm by a convicted felon when he possesses any firearm after he has been convicted of a felony by a court of this state. The offense of forgery in the first degree is a

---

presented, however, that McKie retained the pistol as he left the victim's room, and he testified on direct examination that he pointed it at another person in the hallway before he fled.

[3] The trial court instructed the jury in part:

> Sometimes circumstantial evidence may point to more than one conclusion. To authorize a conviction on circumstantial evidence, the proven facts must not [only] be consistent with the theory of guilt, but must also exclude . . . every other reasonable theory other than the guilt of the accused.
>
> The law does not require a higher or greater degree of certainty on the part of the jury to return a verdict based upon circumstantial evidence than upon direct evidence. Whether dependent upon direct evidence or circumstantial evidence, or both, the true test is whether there is sufficient evidence or whether the evidence is sufficiently convincing to satisfy you beyond a reasonable doubt.

See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.30.20 (long version).

[4] Count 4 charged McKie with felony murder predicated on possession of a firearm by a convicted felon; Count 7 charged McKie with possession of a firearm by a convicted felon.

felony in the State of Georgia.

The trial court directed a verdict of acquittal on the controlled substance charge and the corresponding felony murder charge, and the jury then found McKie not guilty of all remaining counts except possession of a firearm by a convicted felon. On this count, McKie was sentenced to five years in prison. McKie's amended motion for new trial was denied, and he appealed to the Court of Appeals.

In a sharply divided opinion, with all three judges writing separately, the Court of Appeals affirmed McKie's conviction. *McKie v. State*, 345 Ga. App. 84 (812 SE2d 353) (2018). The lead opinion said that the accusation, with no actual judgment of conviction attached, was insufficient to sustain McKie's conviction. See id. at 86 (Branch, J.), citing *Tiller v. State*, 286 Ga. App. 230 (648 SE2d 738) (2007). The lead opinion concluded, however, that this evidence was sufficient to sustain McKie's conviction when considered in combination with defense counsel's statements in closing argument,

which the lead opinion characterized as admissions.[5] *McKie*, 345 Ga. App. at 87.

The special concurrence rejected reliance upon counsel's closing argument on the grounds that statements of counsel are not evidence, and that stipulations of fact must be distinctly and formally made.[6] *McKie*, 345 Ga. App. at 88 (Bethel, J., concurring specially). The special concurrence concluded, however, that the accusation was circumstantial evidence of McKie's guilt and provided a sufficient basis for conviction. The special concurrence additionally noted that *Tiller*, supra, is not controlling, because the indictment given to the jury in that case showed only that Tiller pled guilty to a charge of theft by taking, which may be either a misdemeanor or a felony depending upon the value of the property,

---

[5] In support of this position, the lead opinion cited a series of Court of Appeals cases in which admissions by defendants in closing argument were considered in conjunction with other evidence in evaluating the sufficiency of the evidence. See *McKie*, 345 Ga. App. at 86-87. The dissent disagreed, asserting that, in those cases, either sufficiency was not at issue or the references to admissions in closing argument were "superfluous" because the evidence was sufficient without them. See id. at 90-91 (McFadden, P. J., dissenting).

[6] The trial court instructed the jury, "If we have any stipulations of fact, we'll point those out and explain those to you."

thus failing to provide the jury with a basis for the finding that he was a convicted felon. Id. at 87.

The dissent agreed with the special concurrence that counsel's statements in closing were not evidence, and that the accusation was circumstantial evidence. *McKie*, 345 Ga. App. at 88 (McFadden, P. J., dissenting). It concluded, however, that the evidence was insufficient to show that McKie was a convicted felon because the State had failed to exclude every other reasonable hypothesis explaining the circumstantial evidence, as required by OCGA § 24-14-6. For example, the dissent suggested that the trial court in the forgery case might have declined to accept the guilty plea, or that McKie might have withdrawn his plea before sentencing, or he might have been sentenced as a first offender and later discharged without adjudication of guilt. See 345 Ga. App. at 89 (1) (McFadden, P. J., dissenting).[7]

We agree with the special concurrence and the dissent that

---

[7] McKie proposes these hypotheticals in his brief on appeal, as well as the possibility that the plea was never tendered, or that the judgment of conviction was for a lesser included offense.

counsel's statements in closing argument were not evidence, as Georgia law has long held. See *Daniel v. State*, 301 Ga. 783, 787 (III) (804 SE2d 61) (2017). Indeed, the trial court so instructed the jury, see Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.30.10, and the jury is presumed to follow the court's instructions. See *Menefee v. State*, 301 Ga. 505, 516 (4) (b) (801 SE2d 782) (2017). We therefore need not consider the assertion by amicus curiae that counsel's statements in closing argument should be treated as admissions by analogy to federal law.[8]

Nevertheless, here, the circumstantial evidence of McKie's felony conviction was sufficient in light of the trial court's instructions combined with the absence of any other reasonable hypothesis known to the jury. The only hypothesis presented to the jury was the existence of a previous conviction as the consequence of the accusation and the guilty plea properly in evidence. This Court

---

[8] The Court thanks the Cobb Judicial Circuit District Attorney's office for its brief amicus curiae, although we need not consider here the expansive view of OCGA § 24-8-801 (d) urged by amicus with regard to opening or closing statements by counsel in criminal cases.

has recently noted that in cases

> where convictions are based on circumstantial evidence, the evidence must be "consistent with the hypothesis of guilt" and "exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6. Not every hypothesis is reasonable, and the reasonableness of alternative hypotheses raised by a defendant is a question principally for the jury. Where the jury is authorized to find the evidence sufficient to exclude every reasonable hypothesis save that of the accused's guilt, this Court will not disturb that finding unless it is insupportable as a matter of law. When reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict.

(Citations and punctuation omitted.) *Collett v. State*, 305 Ga. 853, 855 (1) (828 SE2d 362) (2019), slip op. at pp. 4-5. Moreover, in considering circumstantial evidence,

> jurors are entitled to draw reasonable inferences from the evidence based on their own common-sense understanding of the world . . . . As a general rule, jurors are authorized to make such reasonable inferences and reasonable deductions as ordinarily prudent persons would make in light of their everyday experience and knowledge of human conduct and behavior.

(Citation and punctuation omitted.) *Worthen v. State*, 304 Ga. 862, 868 (3) (c) n.3 (823 SE2d 291) (2019). "The term 'hypothesis' . . . in the rule as to what is necessary to warrant a conviction on

circumstantial evidence refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life." (Citation and punctuation omitted.) *De Palma v. State*, 225 Ga. 465, 466 (1) (169 SE2d 801) (1969).[9]

Here, the jury was presented with an accusation showing McKie's guilty plea to a charge of forgery in the first degree, which, the jury was instructed, is a felony. This document amounted to circumstantial evidence of McKie's prior conviction. And while the circumstantial nature of that evidence required the exclusion of other reasonable hypotheses, no alternative hypothesis — certainly not the technical possibilities speculated upon by McKie's counsel or the dissenting judge — was put forward in the evidence, in argument, or in the jury instructions. At trial, McKie testified but gave no testimony regarding any irregularity in his prior forgery

---

[9] "The previous language of OCGA § 24-4-6 was carried into the new Evidence Code in identical form in the current version of OCGA § 24-14-6, and there is no materially identical federal rule of evidence." *Jackson v. State*, 305 Ga. 614, 619-620 (2) (a) (825 SE2d 188) (2019). In those circumstances, the case law interpreting the former Code section applies. *State v. Almanza*, 304 Ga. 553, 557 (2) (820 SE2d 1) (2018).

conviction; in fact, he never mentioned it, and the State did not cross-examine him on that point.

Defense counsel's closing argument, while not evidence, was an opportunity to offer the jury an alternative hypothesis, or in the words of the trial court's charge, a "reasonable theory" other than conviction of a felony to explain the circumstantial evidence. See *Collett*, __ Ga. at __ ("the reasonableness of alternative hypotheses raised by a defendant is a question principally for the jury"). Not only did trial counsel offer no alternative hypothesis, he conceded repeatedly in closing argument that McKie was a convicted felon. While counsel's argument was not evidence, it was a point at which the jury would expect to hear a reasonable alternative theory, if one existed. It heard none; only affirmation of the fact of conviction.

Finally, the trial court instructed the jury that the evidence they would receive for deliberations included what the court described as a document "purporting to be a copy of a prior conviction of this defendant," and went on to instruct the jury that that evidence could be considered only as to two counts of the

indictment they were considering, including possession of a firearm by a convicted felon, and for no other purpose.

In considering all of these circumstances from the point of view of ordinarily prudent jurors, we conclude that the evidence of McKie's prior felony conviction was sufficient to support his conviction for possession of a firearm by a convicted felon. It was the only evidence on this point given to the jury. No alternative explanation was given for the guilty plea and accusation, other than that McKie had been convicted of a felony.[10] Under these unusual circumstances, the evidence, though circumstantial, was sufficient to support McKie's conviction for possession of a firearm by a convicted felon.

*Judgment affirmed. All the Justices concur, except Bethel, J., disqualified.*

---

[10] As the trial court instructed the jury, the burden of proof rests upon the State and the burden never shifts to the defendant to prove innocence. But here, the State met its burden, and trial counsel offered no alternative hypothesis for the jury to consider.

Decided June 10, 2019.

Certiorari to the Court of Appeals of Georgia — 345 Ga. App. 84.

Gerard B. Kleinrock, for appellant.

Sherry Boston, District Attorney, Helen P. Pott, Deborah D. Wellborn, Assistant District Attorneys, for appellee.

D. Victor Reynolds, District Attorney, Michael S. Carlson, Amelia G. Pray, John S. Melvin, John R. Edwards, Gregg M. Jacobson, Assistant District Attorneys, amici curiae.